```
 1  JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
 2
    BRIAN STRETCH (CABN 163973)
 3  Chief, Criminal Division

 4  DENISE MARIE BARTON (MABN 634052)
    Assistant United States Attorney
 5
       450 Golden Gate Avenue, Box 36055
 6     San Francisco, California 94102-3495
       Telephone:  (415) 436-7359
 7     Facsimile:  (415) 436-7234
       Email: denise.barton@usdoj.gov
 8
    Attorneys for Plaintiff
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 07-0678 JSW |
|---|---|
| Plaintiff, | ) |
| v. | ) **STIPULATION AND [PROPOSED]** ~~**ORDER FOR TAKING OF RULE 15**~~ ~~**MATERIAL WITNESS DEPOSITIONS**~~ **DENYING WITHOUT PREJUDICE** |
| GLENIO JESUA FERREIRA SILVA, | ) |
| Defendant. | ) |

The parties now stipulate and request that the Court enter an Order pursuant to Fed. R. Crim. P. 15 permitting the taking of deposition of material witnesses GERALDO RODRIGUES and ANDREA FERREIRA DESOUZA.

On June 15, 2007, the Honorable Bernard Zimmerman issued a complaint and arrest warrant charging the defendant with one count of Alien Harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); and on October 7, 2007, Silva was indicted in a one-count indictment charging the same.[1] *(ECF Document Nos. 1, 21)*.  The complaint alleged that Silva knowingly

---

[1] The Complaint was docketed as CR 03-07-70345 BZ.

~~STIPULATION AND [PROPOSED] ORDER FOR TAKING OF RULE 15 MATERIAL WITNESS DEPOSITIONS - CR 07-0678.~~

1

employed illegal aliens at his businesses and permitted several illegal aliens, including GERALDO RODRIGUES and ANDREA FERREIRA DESOUZA, to live in make-shift apartments above his businesses.

On January 15, 2008 and February 20, 2008, RODRIGUES and DESOUZA were each arraigned on a complaint charging a violation of Title 18, United States Code, section 1028(a)(7) - Unlawful Use of an Identity Document.[2] Each waived a detention hearing on the complaint and remains in custody. On March 4, 2008, after the United States submitted an Application pursuant to Title 18, United States Code, section 3144, the Honorable Joseph C. Spero issued material witness arrest warrants for RODRIGUES and DESOUZA in connection with the above-captioned matter. *(ECF Document No. 30)*. On March 11 and 12, 2008, DESOUZA and RODRIGUES, respectively, appeared before the Honorable Joseph C. Spero. Each was advised of the material witness arrest warrant and was afforded an opportunity to seek release pursuant to Title 18, United States Code, section 3142. *(ECF Document No. 31, 32)*. And each witness waived the right to a detention hearing without prejudice to seek release at a later time.

The United States now moves, pursuant to Fed. R. Crim. P. 15(a)(1), for an Order permitting the taking of material witness depositions of RODRIGUES and DESOUZA in connection with the above-captioned matter. Fed. R. Crim. P. 15(a)(1) provides that:

> a party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Courts have routinely held that continued detention of a material witness pending trial constitutes an "exceptional circumstances" as contemplated by Fed. R. Crim. P. 15(a) and is a basis to permit the taking of a deposition. United States v. Lai Fa Chen, 214 F.R.D. 578, 580 (N.D. Ca. 2003). Further, this Circuit has held that "No material witness shall be detained because of inability to comply with conditions of release if the testimony of such witness can

---

[2] These cases were docketed as CR 07-70347 BZ and CR 07-70346 BZ, respectively.

STIPULATION AND [PROPOSED] ORDER FOR TAKING OF RULE 15 MATERIAL WITNESS DEPOSITIONS - CR 07-0678.

2

1 adequately be secured by deposition ..." <u>Bacon v. United States</u>, 449 F.2d 933 (9th Cir. 1971).
2 To date, no trial date has been set in this matter. The parties contend that the continued
3 detention of RODRIGUES and DESOUZA through the time of trial would constitute
4 "exceptional circumstances" and that permitting a deposition is in the interests of justice.
5      Accordingly, the parties request an Order permitting the taking of the deposition of
6 material witnesses GERALDO RODRIGUES and ANDREA FERREIRA DESOUZA pursuant
7 to Fed. R. Crim. P. 15(a). The parties intend to take these depositions in the following manner:
8 In addition to the witness, defendant Silva and counsel for the United States, Silva, and the
9 material witness being deposed will be present. The witnesses will be assisted, as will defendant
10 Silva, by a certified Portuguese interpreter. With respect to objections, all objections except as
11 to form will be reserved until the time of trial. Finally, the proceedings will be recorded by a
12 stenographer and video and audio-recorded.
13
14
15 SO STIPULATED:
16                                           JOSEPH P. RUSSONIELLO
                                          United States Attorney
17
18 DATED: March 18, 2008                    /s/_____
                                          DENISE MARIE BARTON
19                                           Assistant United States Attorney
20
21 DATED: March 18, 2008                    /s/_____
                                          STEVEN GRUEL
22                                           Attorney for GLENIO SILVA
23
24 //
25 //
26 //
27 //
28

STIPULATION AND [PROPOSED] ORDER FOR TAKING OF RULE 15 MATERIAL WITNESS
DEPOSITIONS - CR 07-0678.

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

2  For the reasons stated in the foregoing stipulation, the Court finds that the continued detention of material witnesses GERALDO RODRIGUES and ANDREA FERREIRA DESOUZA through the time of trial in the above-captioned matter constitutes "exceptional circumstances" under Fed. R. Crim. P. 15(a) and that the taking of depositions of RODRIGUES and DESOUZA is in the interests of justice. Accordingly, this Court orders that the depositions of GERALDO RODRIGUES and ANDREA FERREIRA DESOUZA be taken in accordance with Fed. R. Crim. P. 15 in the manner set forth above.

*(Above paragraph crossed out with an X)*

Because it appears from the record that the material witnesses are represented by counsel, the Court DENIES WITHOUT PREJUDICE this request pending a clarification as to whether counsel for the material witnesses will be present at the deposition.

Dated: March 19, 2008

_____
HONORABLE JEFFREY S. WHITE
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER FOR TAKING OF RULE 15 MATERIAL WITNESS DEPOSITIONS - CR 07-0678.