STEVEN F. GRUEL (CSBN 213148)
655 Montgomery Street, Suite 1700
San Francisco, California 94111
Telephone Number (415) 989-1253
Fax Number (415) 576-1442
attystevengruel@sbcglobal.net

Attorney for Glenio Silva

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR-07-00678-JSW |
| | ) |
| Plaintiff, | ) DEFENDANT GLENIO SILVA'S |
| | ) MOTION FOR LEAVE TO FILE & |
| Vs. | ) MOTION FOR  A BILL OF |
| | ) PARTICULARS |
| GLENIO  JESUA FERREIRA SILVA, | ) |
| | ) DATE:  May 15, 2008 |
| Defendant. | ) TIME:  2:30 p.m. |
| | ) |
| | ) Excl. Time: 18 USC 3161(h)(1)(F) |
| | ) |
| | ) |

TO THE CLERK OF COURT, PARTIES, AND COUNSEL:

THIS IS NOTICE that on May 15, 2008, at 2:30 p.m., defendant Glenio Silva will move this Court for the following:

1.   An Order permitting the Defendant leave to move for a Bill of Particulars;

2.    An Order directing the prosecution to provide a Bill of Particulars in this case which includes the following necessary information as required by the Fifth and Sixth Amendments to the United States Constitution as well as 7(f) of the Federal Rules of Criminal Procedure:

3.  The identity of all of the individuals listed in the Indictment who were allegedly knowingly and intentionally concealed, harbored and shielded from detection by Mr. Silva;

4.  The immigration history and status of each alien listed in the Indictment at the time they were allegedly concealed, harbored and shielded from detection by Mr. Silva;

5.  The exact conduct alleged to have been performed by Mr. Silva which knowingly and intentionally concealed, harbored and shielded the individuals from detection; and

6.  The specific intent required to prove beyond a reasonable doubt that Mr. Silva knowingly and intentionally concealed, harbored and shielded the listed individuals from detection.

This motion is based on the filed Indictment, the record in this case and the arguments contained herein as well as to be presented at the hearing on this matter.

## INTRODUCTION

On October 25, 2007 the prosecution filed a single count Indictment against Glenio Silva with knowingly and intentionally concealing, harboring, and shielding from detection aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).  S*ee* Indictment, attached as Exhibit A.   According to the bare-bones of the indictment, Mr. Silva's alleged harboring began at an unknown date, but no later than April 30, 2000, and continued to approximately June 15, 2007.  Without meaningful identification, the individuals who were allegedly concealed, harbored and shielded by Mr. Silva are only referred to as aliens, who remained in the United States in violation of the law, including "John Does" one (1) through six (6).   Moreover, apart from two addresses listed in the Indictment, there is no explanation or notice as to the specific conduct performed by Mr. Silva that constitutes the alleged wrongdoing.

Consequently, and pursuant to the United States Constitution and Rule 7(f) of the Federal Rules of Criminal Procedure, Mr. Silva seeks leave of the Court to move and hereby moves the Court to direct the filing of a Bill of Particulars.  As discussed below, both motions should be granted because it is constitutionally necessary to inform Mr. Silva of the scope of the charges

against him with sufficient precision to enable him to prepare his defense and to avoid or minimize surprise at trial.  In other words, unless this Court orders the government to particularize and meaningfully state the alleged conduct in the Indictment,  the Silva defense will be unable to conduct an meaningful and independent investigation of the facts surrounding the allegations, to prepare a defense, and to review and organize the discovery received from the government.

## SUMMARY OF MOTION

The United States Constitution together with established case law and the following reasons support ordering the prosecution to provide a Bill of Particulars in this case:

- The Indictment fails to identify any individuals who were alleging concealed, harbored or shielded from detection by Mr. Silva;

- Beyond vague references to an unknown time, but no later than April 30, 2000 and up to June 15, 2007, the Indictment fails to provide sufficient notice of the date(s) when Mr. Silva is alleged to have concealed, harbored or shielded an alien from detection;

- The Indictment completely fails to provide notice as to the conduct Mr. Silva is alleged to have knowingly and intentionally performed which constitutes the concealing, harboring, or shielding from detection;

- A clear example of the need for a Bill of Particulars in light of the current Indictment's lack of adequate notice is evident in that on April 15, 2008 the parties will be conducting a Rule 15 trial deposition of a government material witness named Andrea DeSouza.  The Indictment fails to list any "Jane Doe" as someone who was illegally harbored.  Thus, it is unclear whether Ms. DeSouza is a harbored alien or merely a witness.

- The Indictment is completely devoid of alleging the requisite specific intent necessary to prove harboring beyond a reasonable doubt.

# ARGUMENT

## The Facts and Law Support Ordering a Bill of Particulars

The Sixth Amendment to the United States Constitution guarantees that a criminal defendant shall "be informed of the nature and cause of the accusation" against him; the Fifth Amendment, in turn, ensure that no one "shall . . . be deprived of life, liberty, or property without due process of law." Interpreting these salient provisions, the United States Supreme Court has stressed that a "defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense." Powell v. Alabama, 287 U.S. 45, 59, 69-73 (1932); In re Oliver, 333 U.S. 257 (1948).

Inadequate notice of the charges impairs a defendant's ability to exercise his rights to confront witnesses against him and to compel the appearance of witnesses in his favor; as well as his counsel's discharge of the duty to investigate avenues of defense. Strickland v. Washington, 466 U.S. 669, 691 (1984); To avoid these perils, a court confronted with an insufficiently detailed indictment should order the government to file a bill of particulars elaborating on the charges. United States v. Smith, 16 F.R.D. 372, 375 W.D. Mo. 1954).

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to order the government to file a Bill of Particulars on motion by the defendant. The function of a bill of particulars is to provide a defendant with sufficient information about the details of the charges so he may prepare a defense, avoid prejudicial surprise at trial, and protect against a second prosecution based upon the same set of facts. Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963); United States v. Bearden, 423 F.2d 805, 809 (5th Cir. 1970) cert. denied, 400 U.S. 836.

A Bill of Particulars directly relates to a defendant's Sixth Amendment's right to a vigorous and prepared defense. See United States v. Tanner, 279 F.Supp. 457, 473-74 (N.D.Ill. 1967). When

the charging document lacks sufficient particularity to allow a defendant to prepare a defense, the

defendant's ability to confront adverse witnesses and to use compulsory process is seriously

inhibited.  Obviously, due process requires that an accused receive a meaningful opportunity to

defend, including the opportunity to examine witnesses, offer evidence in defense, and be

represented by a fully prepared trial counsel.  See In Re Oliver, 333 U.S. 257 (1948).  Denial of the

right to defend is an error of constitutional magnitude, requiring proof that the error involved was

harmless beyond a reasonable doubt.  Chapman v. California, 386 U.S. 18, 23-24 (1967).

As originally promulgated, Rule 7(f) required a showing of cause before a bill would lie.

That requirement was stricken by an amendment expressly designed ". . . to encourage a more

liberal attitude by the courts towards bills of particulars."  See Rule 7(f), Advisory Committee Note

to the 1966 Amendment; United States v. Rogers, 617 F.Supp. 1024, 1026 (D.Colo. 1985).   [T]he

concern that gives rise to Rule 7(f) is that one accused of a crime should have an opportunity to

prepare his defense.  Since one in his position must be presumed to be innocent, it must be assumed

that he has no knowledge of the facts other than those supplied by the government.  Accordingly the

Bill of Particulars is designed to fill any gap between the facts disclosed by the indictment and that

"set of facts" which will permit him the opportunity of preparation.  United States v. Manetti, 323

F.Supp 683, 695 (D.Del 1971).

In light of the fundamental connection between the defendant's Sixth Amendment rights and

a Bill of Particulars, and the legislative mandate for a liberal use of such bills, any doubt should be

resolved in favor of disclosure.  A defendant should not be deprived of information needed to

prepare a defense simply because the information might be used by the government as evidence.

United States v. Crisona, 271 F.2d 150, 156 (S.D.N.Y. 1967).

**This Court has Complete Discretion To Order a Bill of Particulars**

Granting or denying a bill of particulars is within the discretion of the district court. <u>Will v. United States</u>, 389 U.S. 90, 98-99 (1967); <u>United States v. Dreitzler</u>, 572 F.2d 539, 553 (9th Cir. 1978).  Several cases illustrate how that discretion has been exercised in cases like the instant case, and hence the kinds of information which should be provided on defendant's motion moves for a Bill of Particulars.

In <u>United States v. Bortnovsky</u>, 820 F.2d 572 (2nd Cir. 1987) the defendants were charged with conspiracy, insurance fraud and racketeering based upon the submission of fraudulent documents to insurance companies.  The defendants requested that the trial court order the government to specify <u>which documents</u> were the basis of the charges, i.e., which documents were false, and specify the <u>dates</u> of allegedly faked burglaries, which related to subsequent fraudulent claims.

The Court of Appeals held the lower court erred in not ordering the government to specify the dates and documents, and reversed the convictions.  The Court ruled that the indictment did not provide sufficient notice of the details of the charges against the defendants, "hindering [them] in preparing their defense . . . ." <u>Id</u>., at 574.  "The government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified." <u>Id</u>. at 575.

In <u>United States v. Rogers</u>, <u>supra</u>, 617 F. Supp. 1024, the defendants were charged, *inter alia*, with various frauds and filing false tax returns.  The Court reiterated the principles which govern motions for Bill of Particulars:

> It is axiomatic that a criminal defendant should be given enough information about the offense charged so that he may prepare adequately for trial. [Citation]. The primary purpose of a bill of particulars is "[to] more specifically define the charge set forth in the indictment, so that the defendant is apprised of the charges against him with sufficient clarity in order to allow him the opportunity to

prepare his defense and to obviate prejudicial surprise to the defendant at trial." [Citation.]  Additionally, "further clarity may allow the defendant to raise a double jeopardy defense, if applicable." [Citation.] Id., at 1027.

**Insufficient Notice Prejudices Mr. Silva**

For a conviction of alien harboring, the government must prove beyond a reasonable doubt that Mr. Silva "concealed [each alien] for the purpose of avoiding [the alien's] detection by immigration authorities."  Ninth Cir.Crim.Jury Instr. 9.3   The Indictment, however, fails to identify who was harbored, when they were harbored, what Mr. Silva exactly did which concealed these individuals and did he possess the necessary specific intent to violate the law. The prosecution's single count Indictment vaguely charges Ms. Silva with harboring at least six (6), but we are left to guess the exact number, illegal aliens in violation of  Title 8, United States Code, Section 1324(a)(1)(A) (iii).  In order that Mr. Silva may prepare for trial, file pretrial motions, and avoid prejudice, the Court should order the government to prepare a Bill of Particulars identifying the alien and the theory of harboring, along with the necessary relevant facts, with respect to each alien when it presented its case to the grand jury.[1]

Here, of course, the prosecution's discovery appears to indicate that it believes Mr. Silva employed or sheltered 6 illegal aliens at two small pizza parlors.  However, allegations that a defendant merely employed an alien, even knowing that such persons was not legally in the United States, are insufficient to establish a violation of 8 U.S.C . Section 1324(a)(10(A)(iii). Brewers v. Salyar, 2007 WL 1454276 at *9 (E.D. Cal. 2007) (granting motion to dismiss complaint alleging RICO claims based on harboring illegal aliens)(unpublished); Zavala v. Wal-

---

[1]  For example, the statute of limitations for harboring illegal aliens is five (5) years.  18 USC Section 3282. Thus, the Indictment is fatally flawed in that it claims aliens were harbored as far back as before April 30, 2000. Clearly this allegation, without more, is well outside the statute of limitations and cannot be prosecuted.

Mart Stores, Inc. 393 F.Supp. 295, 307 (D.N.J. 2005) (same).  "[E]mployment is distinct from harboring, and allegations in a complaint that a defendant employs undocumented aliens are insufficient to also allege harboring of undocumented aliens.

Moreover, if the government's theory is that Mr. Silva "harbored" by providing housing for aliens in the country illegally, then the Indictment lacks the correct *mens rea*.  The prosecution must prove beyond a reasonable doubt that Mr. Silva provided this housing with both the knowledge of the aliens illegal immigration status *and* the criminal intent to purposely avoid immigration detection.  In United States v. You, 382 F.3d 958 (9th Cir. 2004), the Court determined that when a defendant is charged with illegal harboring, the jury must find that the defendant intended to violate the law.  Id. at 966.  In other words, the jury must find that Mr. Silva acted with "*the purpose*" of avoiding  [the alien's]  detection by immigration authorities.[2] The Indictment fails to inform Mr. Silva as to the proper criminal intent needed for alien harboring.  A Bill of Particulars, if not a completely new Indictment, is necessary to correct this glaring omission.[3]

## CONCLUSION

An indictment or information must contain a plain, concise and definite statement of the essential facts constituting the offenses charged. FRCrP 7(c)(1). This specificity requirement insures that the defendant is apprised of the nature of the charges, can prepare a defense, can avoid or minimize the danger of surprise at trial; and is protected against double jeopardy.

---

[2]   The defense will seek disclosure of the grand jury transcripts to determine whether the Grand Jury was correctly instructed on the requisite specific intent necessary for a violation of the alien harboring statute.

[3]   In similar alien cases, the Ninth Circuit has ruled that the government must prove beyond a reasonable doubt both knowledge and criminal intent.  United States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995)(alien smuggling requires knowing that the aliens where illegal *and* off-loaded "intending to violate the law." United States v. Baragas-Montiel, 185 F.3d 947 (9th Cir. 1999)(for a conviction of 8 USC Section 1324 the government must show that the defendant acted with criminal intent to violate United States immigration laws).

For the reasons stated above, Mr. Silva respectfully requests the Court to order the
government to provide a Bill of Particulars.


Respectfully Submitted,


Dated:   April 11, 2008              _____/s/_____
                                    STEVEN F. GRUEL
                                    Attorney for Glen Silva