JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GLENIO JESUA FERREIRA SILVA, <br><br> Defendant. | CR No. 07-678 JSW <br><br> MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S <br><br> (1) MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO USE EVIDENCE <br><br> AND <br><br> (2) REQUEST FOR NOTICE OF RULE 404(B) EVIDENCE <br><br> Hearing Date: May 15, 2008, 2:30 pm <br> Courtroom: Floor 17, Ctrm 2 |

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE
GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE
404(B) EVIDENCE   - CR 07-678 JSW

1

1    By his *Motion for Notice By the Government of the Intent to Use Evidence*[1] and *Request for Notice of Rule 404(b) Evidence*, the defendant impermissibly seeks to use the discovery process as a tool to obtain pre-trial disclosures months in advance of trial.  In this case, the United States has met and exceeded its discovery obligations pursuant to Fed. R. Crim. P. 16(a)(1), including having procured and produced documents that were not subject to discovery pursuant to Fed. R. Crim. P. 16(a)(1) in response to a number of defense requests, some broad and others particularized.  Just as it has complied with its discovery obligations and reasonable defense requests, should this matter proceed to trial, the United States will comply with all pretrial disclosure obligations in accordance with the Federal Rules of Criminal Procedure, Local Rules of the Northern District of California, Standing Orders of this Court, and all applicable case law.

**A.    The Defendant Is Not Entitled to the Level of Disclosure He Seeks Under Fed. R. Crim. P. 12(b)(4)**

The United States does not contest that, upon receipt of a request by defendant for notice of intent to use any evidence, it has an obligation under Federal Rule of Criminal Procedure 12(b)(4)(B)  to respond.  To that end, the United States will, prior to May 15, 2008 -  the date set for the hearing on defendant's motions - provide a compliant Notice to the defendant.[2]

The United States does object to the level of disclosure that the defendant claims to be entitled to and seeks.  In his Motion, without any support, the defendant contends that a "list of trial evidence ... is required by Rule 12(d)(3)."  *Motion for Notice of Intent to Use Evidence* (ECF No. 55), p. 2.  In fact, the required disclosure under Fed. R. Crim. P. 12(b)(4) is much

---

[1] In his *Motion for Notice By the Government of the Intent to Use Evidence*, the defendant refers to Fed. R. Crim. P. 12(d)(2) and (d)(3).  The United States has assumed and responded as if the defendant intended to rely upon Fed. R. Crim. P. 12(b)(3) and (b)(4), which address pretrial motions and Notice of Intent to Use Evidence.  In the 2002 Amendments to the Federal Rules of Criminal Procedure, Rule 12(d) was "re-lettered" as Rule 12(b).

[2] The United States reserves the right to supplement the Notice prior to trial should it decide to use additional discoverable evidence that was not listed on the initial Notice.

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE 404(B) EVIDENCE   - CR 07-678 JSW

2

narrower than the defendant asserts. Federal Rule of Criminal Procedure 12(b)(4)(B) provides that

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C),[3] request notice of the government's intent to use (in its case-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Neither the text of the Rule nor the cases interpreting the rule obligate the United States to provide a particularized list of each and every item it currently intends to introduce at trial. In fact, of the few courts interpreting Rule 12(b)(4), at least one court has held that the Rule

> is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics. It is not intended as a strategic tool for defendants and was "not designed to aid the defendant in ascertaining the government's trial strategy."

*United States v. El-Silimy*, 228 F.R.D. 52, 57 (D. Me. 2005), *citing and quoting*, *United States v. Cruz-Paulino*, 61 F.3d 986, 993-94 (1st Cir. 1995).

A general statement by the government that it intends to all the evidence produced to date has been held to be sufficient under the Rule. *United States v. Holmes*, No. 07-CR-104, 2007 WL 2900438 (E.D. Wis. October 3, 2007) (a defendant's request may be mooted by the government's good-faith statement that it intends to use at trial all evidence in its open file that is subject to disclosure under Rule 16); *United States v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994), *cert. denied*, *Hatch v. United States*, 519 U.S. 1006 (1996) (upholding a notice in which the government said that it intended to "use all the material discoverable under Rule 16, access to which has been or will be provided to defendant ... under its open-file policy") The *Brock* court noted that

> [I]t is important to remember that the purpose of Rule 12(d)(2) is to give the defendants an opportunity to move to suppress evidence. The government's notice in this case simply alerts the defendant to the fact that they should look at all of the discoverable evidence in the open file in considering any motion to suppress.

---

[3] Rule 12(b)(3)(C) provides that a motion to suppress must be raised before trial.

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE 404(B) EVIDENCE   - CR 07-678 JSW

3

1  *Id.* at 868, n. 33.  *See also United States v. Gullo*, 672 F. Supp. 99, 105 (W.D.N.Y. 1987) (if
2  made in good faith, a response that the defendant "may assume that all items provided by it
3  pursuant to rule 16 will be used by the government at trial" will be sufficient).
4      Further, the United States is only required to provide notice of that quantity of evidence
5  that would be discoverable under Rule 16.  The 2002 Advisory Committee Notes to the Rule
6  describe the Rule as a "provision, which addresses the government's requirement to disclose
7  <u>discoverable</u> information for the purpose of facilitating timely defense objections and motions
8  ....."  *2002 Advisory Committee Notes to Fed. R. Crim. P. 12(b)(4)*.  As a practical matter, in
9  providing the requisite Notice, the United States does not intend to parse out the evidence from
10 the production that is discoverable under Rule 16 and the evidence that was produced above and
11 beyond any Rule 16 obligations.  However, to the extent that any non-discoverable evidence is
12 left off the Notice, by accident or design, the defendant has no basis for objection or recourse for
13 remedy under the Federal Rules of Criminal Procedure or applicable case law.
14     Finally, although not currently at issue, the United States wants to put the defendant on
15 notice that it does not concede that Federal Rule of Criminal Procedure 12(b)(4)(B) precludes it
16 from introducing evidence in its case-in-chief that was not listed on a Notice of Intent to Use
17 Evidence.  In *United States v. Valencia*, the court held that the government's use of evidence at
18 trial that had not been listed on its Notice was not error.  656 F.2d 412, 415-416 (9th Cir. 1981),
19 *citing United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976), cert. denied, 429 U.S. 1099 (1977).
20 In *Valencia*, the government had not listed a bindle of cocaine on its Notice but thereafter
21 decided to use such evidence and announced its intention to use the evidence prior to trial.  The
22 court permitted the defendant to file a motion to suppress the evidence prior to trial, which
23 motion was denied.  *Id.* (noting that the defendant had received pretrial discovery relating to the
24 cocaine bindle and was not prejudiced by the procedural irregularity).
25     Because the United States will provide a Notice that is compliant with the rule, the
26 defendant's motion should be denied as moot.  *See United States v. Aguilar*, CR 07-0030-SBA,
27 2007 WL 4219370, * 4 (N.D.C.A. November 28, 2007) ("Given there is no indication at this
28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE
GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE
404(B) EVIDENCE  - CR 07-678 JSW
                                    4

time that the government has not or will not comply with Rule 12(b)(4)(B), this motion is denied as moot.")

### B. The Defendant Is Not Entitled To The Discovery He Requests Under Federal Rule of Evidence 404

Without any legal authority, the defendant makes a broad request for any 404(b) evidence that the government intends to introduce at trial. By his *Request*, the defendant is impermissibly attempting to use the Rules of Evidence - rules of trial procedure - to obtain discovery to which he is not entitled.

1. <u>Rule 404(b) Is Rule of Evidence, Not a Tool For Discovery</u>

Fed. R. of Evidence 404(b) provides that

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, <u>the prosecution in a criminal case shall provide reasonable notice in advance of trial</u>, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) is a rule of evidence, not one of discovery. This fact should be obvious due to its includes in the Federal Rules of Evidence, not the Federal Rules of Criminal Procedure. Further, the Advisory Committee's Notes to the rule state that the notice requirement is intended to "reduce surprise and promote early resolution of <u>admissibility</u>" and that the request and the response should properly be submitted "in a reasonable and timely fashion." *Advisory Committee Notes to the 1991 Amendments Id.* (emphasis added). Considering that Notes discuss the rule in the context of "admissibility" of trial evidence, which is a determination to be made pre-trial, not during discovery, the Rule clearly cannot be the basis to compel discovery. As at least one court faced with a similar motion has noted:

> [T]he Rules of Evidence are not rules of discovery. The purpose of the 404(b) notice provision, to prevent surprise during trial, does not support providing a defendant with materials which the Government possesses and plans to offer at trial.

*United States v. Williams*, 792 F. Supp. 1120, 1134 (S.D. Ind.1992).

Having now received a request from Defendants for notice of evidence to be offered pursuant to Rule 404(b), the government intends to comply with its pre-trial disclosure obligations under the rule by giving Defendants reasonable notice, two weeks in advance of trial or at a date closer to trial if this Court so orders, of the general nature of any such evidence that it intends to introduce at trial. Accordingly, this Court should also deny the defendant's Request as not ripe and moot.

2. <u>Disclosure of 404(b) Evidence Two weeks Prior to Trial Is Reasonable</u>

Although the Ninth Circuit has not addressed this issue in a published opinion, two circuits courts have conclusively held that disclosure within weeks, or days, of trial satisfies the notice provisions in Federal Rule of Evidence 404(b). In *United States v. Kern*, the magistrate court had ordered that the government disclose "bad act" evidence at least fourteen days prior to trial. 12 F.3d at 122, 124 (8th Cir. 1993). The government complied within the set time frame by informing of its intent to use evidence of certain crimes. Thereafter, the government provided the defense with reports of "other crimes" evidence one week before trial. *Id.* The Eighth Circuit held that "the government's notice satisfies the requirements of Rule 404(b)." *Id.* Similarly, the Eleventh Circuit has held that disclosure of Rule 404(b) evidence six days prior to trial was reasonable. *United States v. Perez-Tosta*, 36 F.3d 1552,1560, 1562-63 (11th Cir. 1994).

In this District, in *United States v. Aguilar*, Judge Armstrong noted that "[c]ourts have generally found that providing a defendant with between one and three weeks notice prior to the start of trial of any evidence the government intends to introduce under Rule 404(b) is reasonable." CR 07-0030-SBA, 2007 WL 4219370, *4 (N.D.C.A. November 28, 2007) (citing out-of-district circuit and district courts). In *Aguilar*, Judge Armstrong ruled that providing Rule 404(b) evidence two weeks in advance of trial was sufficient notice. *Id.* Other districts, as noted by Judge Armstrong, have held similarly. *Id. See e.g., United States v. Damico*, No. 94 CR 723, 1995 WL 221883, * 3-4 (N.D. Ill.1995) (denying the defendant's motion for 404(b)disclosure 60 days prior to trial; permitting the government to make 404(b) disclosure two weeks prior to

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE 404(B) EVIDENCE   - CR 07-678 JSW

6

trial); *United States v. Giampa*, 904 F. Supp. 235, 283 (D.N.J. 1995) (denying defense request for "immediate notification" and directing the government to provide 404(b) disclosure two weeks prior to trial); *United States v. Pelini*, 896 F. Supp. 795 (N.D. Ill. 1995) (the government's agreement to provide 404(b) notice three weeks prior to trial was reasonable); *United States v. Richardson*, 837 F. Supp. 570, 576 (S.D.N.Y.1993) (ten days prior to trial); *United States v. Williams*, 792 F. Supp. 1120, 1133–34 (S.D. Ind.1992) ("[b]y receiving notice of the general nature of 404(b) evidence ten days before trial, surprise is avoided and the defendant has an adequate opportunity to challenge the admissibility of the information"); *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1991) (government disclosure of 404(b) evidence seven days prior to trial was reasonable). *See also United States v. Sutton*, 41 F.3d 1257, 1258–59 (8th Cir. 1994) (ruling that government had not violated the notice provisions of 404(b) by disclosing newly -obtained evidence two days before trial notwithstanding a standing order to require notice at least four days before trial). *See also United States v. Washington*, 819 F. Supp. 358, 367–68 (D. Vt.1993) (denying defendant's discovery motion for disclosure under Rule 404(b) as not ripe because the government agreed to comply with the dictates of the rule and provide "reasonable notice" in advance of trial).

Defendant's Request has no basis in the Rule or in law. Whether regarded as premature or an impermissible effort to expand the rules of discovery, the Request should be denied.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 25, 2008            /s/ Denise Barton
                                 DENISE MARIE BARTON
                                 Assistant United States Attorney

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTIONS FOR (1) NOTICE BY THE GOVERNMENT OF THE INTENTION TO USE EVIDENCE AND (1) REQUEST FOR NOTICE OF RULE 404(B) EVIDENCE   - CR 07-678 JSW