JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GLENIO JESUA FERREIRA SILVA,<br><br>   Defendant. | CR No. 07-678 JSW<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS<br><br>Hearing Date:   May 15, 2008, 2:30 pm<br>Courtroom:   Floor 17, Ctrm 2 |

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS - CR 07-678 JSW

1

## I. INTRODUCTION[1]

The defendant's Motion For a Bill of Particulars should be denied. The indictment, along with the extensive discovery produced by the United States, provides the defendant with adequate notice of the charge against him; permits him to prepare his defense for trial; negates any threat of surprise at trial; and sufficiently protects the defendant's Double Jeopardy interests. Accordingly, there is no basis for this Court to require the United States to provide a bill of particulars.

## II. BACKGROUND

On June 15, 2007, the Honorable Bernard Zimmerman issued a complaint and arrest warrant[2] charging the defendant with one count of Alien Harboring, in violation of Title 8 of the United States Code, section 1324(a)(1)(A)(iii) and on October 7, 2007, Silva was indicted in a one-count indictment charging the same. *(ECF Document Nos. 1, 21)*. The Indictment alleges that:

//
//
//

---

[1] In his *Motion*, the defendant appears to allege that the Indictment by which he was charged is not legally sufficient. *Motion, pp. 7-8*. By this Memorandum, the United States responds solely to the defendant's *Motion for a Bill of Particulars*, not any other issues raised by the defendant. On April 4, 2008 and in a subsequent Stipulation, defense counsel represented to this Court that his first series of motions would be discovery motions. *(See ECF Nos. 41, 51)*. This *Motion* was filed in accordance with a schedule set for those discovery motions. *(See ECF No. 52.)* In light of these representations and the fact that the instant motion is neither captioned as a motion to dismiss the indictment nor does it seek relief that would be available if an indictment was found to be insufficient, the United States has not responded to the defendant's argument concerning the sufficiency of the indictment. However, the United States reserves the right to respond to the non-discovery arguments raised in the defendant's Motion if and when he files dispositive motions in his next series of motions.

[2] The 15-page affidavit submitted in support of the Complaint and associated search warrant presents detailed factual information concerning the crime with which the defendant has been charged.

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS - CR 07-678 JSW

1  Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of
2  California, the defendant,

3  GLENIO JESUA FERREIRA SILVA,

4  did knowingly and intentionally conceal, harbor, and shield from detection aliens, including John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5;
5  and John Doe #6 at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in knowing or reckless disregard of the fact that the
6  aliens had remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).
7

8  (*Indictment, ECF No. 21*).

9  Since the defendant was charged, the United States has produced copious amounts of
10 discovery that has provided the defendant with, in effect, a roadmap of the government's case.
11 The production has included witness statements; subpoenaed records from labor authorities;
12 reports of and photographs and videos from surveillance; A-files of the allegedly harbored aliens;
13 and copies of and access to all materials seized in the course of search warrants executed at the
14 locations identified in the Indictment - - defendant's businesses. Specifically, prior to
15 indictment, the United States produced 2691 pages of discovery. Following indictment, the
16 United States produced an additional 340 pages and CD-ROMs. Although much of this
17 production fell outside of the parameters of Rule 16(a)(1), the United States nonetheless provided
18 the material. In addition, the defendant has made numerous requests for additional material,
19 again, much of which fell outside of Rule 16(a)(1) discovery. Nevertheless, in a good-faith effort
20 to provide virtually open-file discovery, the United States has procured and produced material in
21 response to these requests. Finally, in addition to "paper" discovery, the defendant has been
22 present and participated in three material witness depositions of certain aliens alleged to have
23 been harbored. *(See ECF No. 38; United States v. Gilson Araujo and Wander Carlos De Araujo,*
24 *Material Witnesses, No. 07-90419 MISC EDL (non-e-filing).*
25 //
26 //
27 //
28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS -
CR 07-678 JSW

3

### III. ARGUMENT

The Indictment and the ample discovery provided to date negates the need for a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

A bill of particulars serves three functions: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable defendant to prepare for trial; (2) to avoid or minimize the danger of surprise at trial; and (3) to protect the defendant's Double Jeopardy interests. *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1979).

The appropriate judicial inquiry here is whether the indictment and government disclosures sufficiently accomplish these three purposes absent a bill of particulars. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also* Wright, *Federal Practice and Procedure*, Criminal Section 129, p. 289 (West 1969). Where, as here, the indictment and discovery give the necessary details of the offenses charged, the defendant is not entitled to a bill of particulars. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Giese*, 597 F.2d at 1181.

An indictment sufficiently apprises the defendant of the charges against him if "those words [of the indictment] fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished." *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977) (quoting *Harling v. United States*, 418 U.S. 87, 117–18 (1973)). Here, the indictment tracks that language of the charged statute. *Compare Indictment (ECF No. 21)* with 8 U.S.C. § 1324(a)(1)(A)(iii) ("Any person who knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation ... shall be punished").

| *Indictment (ECF No. 21)*: | *8 U.S.C. § 1324(a)(1)(A)(iii)*: |
|---|---|
| Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of California, the defendant the defendant, GLENIO JESUA FERREIRA SILVA, did knowingly and intentionally conceal, harbor, and shield from detection aliens, including John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5; and John Doe #6 at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in knowing or reckless disregard of the fact that the aliens had remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii). | "Any person who knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation ... shall be punished" |

Further, it is well established that "[f]ull discovery will obviate the need for a bill of particulars." *United States v. Clay,* 476 F.2d 1211, 1215 (9th Cir. 1973) (denial of the motion for a bill of particulars was appropriate where the defendant was granted full discovery)  In *United States v. Giese*, the court in denying a motion for a bill of particulars, held that "[f]rom the indictment and the government evidence that he did receive, [defendant] learned enough of

1 the charges against him to prepare for trial, to avoid surprise at trial, and to plead double jeopardy
2 in the event of a new prosecution." 597 F.2d at 1180-81. *See also Long*, 706 F.2d at 1054
3 (holding that having received full discovery, the defendant was not entitled to a bill of
4 particulars). In this case, as set forth above, the United States has provided ample discovery that
5 more that sufficiently apprises the defendant of the nature of the case.

6     The defendant contends a Bill of Particulars is necessary because
7   --  he is unable to identify the aliens allegedly harbored by the defendant;
8   --  he cannot ascertain the date of the criminal conduct;
9   --  he cannot determine the criminal conduct that constituted the "concealing,
10     harboring, or shielding from detection,"
11   --  the Indictment lacks allegations of the defendant's specific intent.
12 *Motion*, p. 3. He further claims that he needs this particularized information, in part, "to review
13 and organize the discovery received from the government" and to "file pre-trial motions."
14 *Motion*, pp. 3, 7.

15     The defendant's general desire to organize discovery and obtain further information for
16 pretrial motions does not entitle him to a bill of particulars. It has been established that
17 "generalized discovery is not a permissible goal of a bill of particulars," *United States v. Davis,*
18 582 F.2d 947, 951 (5th Cir. 1978). A bill of particulars is neither a substitution for nor an
19 expansion of discovery proceedings. It "is designed to apprise the defendant of specific charges
20 being presented to minimize danger of surprise at trial, to aid in preparation and to protect against
21 double jeopardy." *Long*, 706 F.2d at 1054. A bill of particulars "is not designed to compel the
22 government to detailed exposition of its evidence or to explain the legal theories upon which it
23 intends to rely at trial." *United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980) (quoting
24 *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977)).

25     Taking each of the areas identified by the defendant, only one falls within the scope of
26 information that would be permissible under a bill of particulars. However, the United States as
27 already provided that information and, as such, that portion of the motion is moot.
28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS -
CR 07-678 JSW

6

<u>Defense Request for Identification of Harbored Aliens</u>

The United States has previously identified the aliens allegedly harbored by the defendant. Counsel have engaged in correspondence this effect. In fact, in response to a request by defense counsel, the United States provided A-Files for all of the allegedly harbored aliens. However, to the extent that the defendant is still uncertain as to the identity of these individuals, the United States will provide additional notice by letter of the identities of the aliens.

<u>Defense Uncertainty As To The Date of Criminal Conduct</u>

The Indictment plainly sets forth that the charged criminal conduct occurred over a period of years. "Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007 ..." *Indictment, (ECF No. 21)*. The defendant's claim that the charged dates are not sufficient disregard the well-established concept that a offense can occur over a period of years and that if any of the conduct falls with the statute of limitations, the indictment stands. A continuing offense will be found to be within a statute of limitations if some of the criminal activity occurred in the five years preceding the indictment. *Flinkote v. United States*, 7 F.3d 870, 873 (9th Cir. 1993) ("[a]s long as some part of the [criminal action] continued into the five- year period preceding the indictment, the statute of limitations did not insulate [the defendant] from criminal liability for actions taken more than 5 years prior to the time of the indictment"). As alleged in the Indictment, the offense was a continuing offense that occurred from a date beginning not later than April 30, 2000 through June 15, 2007.

<u>Request for Specific Conduct That Constituted the "Concealing, Harboring, or Shielding from Detection"</u>

The United States is not required to identify the means by which it intends to prove its case. In *Giese*, the Court upheld the denial of the defendant's motion for a bill of particulars, stating that "[a]ppellant's request for the 'when where and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars" 597 F.2d at 1180-81. The indictment in this case has set forth the date and location of the alleged crime. In discovery and correspondence,

the United States has provided notice of the allegedly harbored aliens, who were identified as John Does in the Indictment. Between the indictment and the ample discovery produced, the defendant has access to all information related to the means by which the crime was perpetrated. The United States has no obligation to lay out its trial strategy or the "when, where, and how" it will prove its case.

<u>Request For Allegation of Specific Intent</u>

To the extent that the defendant's contention on this issue is a statement as to the sufficiency of the indictment, the United States will respond to that argument if and when the defendant files a motion to dismiss based on the sufficiency of the indictment. *See supra*, fn. 1. If the defendant is claiming that he is entitled to notice of evidence of the defendant's specific intent, the United States believes that this argument lacks merit. Tellingly, the defendant's motion is devoid of any case law to support his claim that such information is required in a bill of particulars. As set forth above, the United States is not obligated to identify which evidence will be used to prove which aspects of its case.

## IV. CONCLUSION

The Indictment and full discovery provides the defendant with adequate notice of the charge against him; permits him to prepare his defense for trial; negates any threat of surprise at trial; and sufficiently protects the defendant's Double Jeopardy interests. There is no surprise here. Defendant is simply attempting to use this Motion as a tool to gain information to which he is not entitled. For all these reasons, this Court should deny the defendant's Motion.

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 25, 2008          /s/
                               DENISE MARIE BARTON
                               Assistant United States Attorney

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS - CR 07-678 JSW

8

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION FOR A BILL OF PARTICULARS - CR 07-678 JSW