JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 07-678 JSW |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY |
| v. | |
| GLENIO JESUA FERREIRA SILVA, | Hearing Date: May 15, 2008, 2:30 pm |
| Defendant. | Courtroom: Floor 17, Ctrm 2 |

## I. INTRODUCTION

This Court should deny the defendant's Motion to Compel Discovery in all respects. The defendant has failed to make the necessary showings that are required for disclosure of discovery related to a selective prosecution claim or for disclosure of the identity of a confidential information ("CI"). The defendant's Motion is simply another unfounded attempt to gain access to information to which he is not entitled.

## II. BACKGROUND

The complaint and indictment charging the defendant with one count of Alien

Harboring, in violation of Title 8 of the United States Code, section 1324(a)(1)(A)(iii) followed a lengthy investigation in which ICE Agents engaged in surveillance of Silva's businesses from March 2007 through execution of search warrants in June 2007. (*See generally Complaint, ECF Docket No. 1 and Indictment, ECF Docket No. 21*). This investigation was conducted by the ICE, Worksite Enforcement Unit, which investigates matters concerning the unlawful employment, smuggling, and harboring of certain aliens in violation of Title 8, United States Code, Sections 1324 et. al. *See Declaration of ICE Special Agent Christopher Purfeerst ("Purfeerst Declaration")*, ¶ 2. Contrary to defendant's assertions, the investigation and prosecution of Silva was not motivated by or related to his race, religion, sex, national origin, or other arbitrary classification. *See Purfeerst Declaration, ¶ 3.* The case was investigated after worksite enforcement was set as an ICE priority in early 2007. *See Purfeerst Declaration, ¶ 2.*

In the course of this investigation, ICE agents spoke with an informant. This informant is not Silvano Santos, who is otherwise referenced in discovery provided to date. *See Purfeerst Declaration, ¶¶ 4,5.* As explained by the case agent - this person had no direct dealings with the defendant; had no first hand knowledge concerning the defendant; never served as an undercover informant in any dealings with the defendant; and in fact, has never met the defendant. *See Purfeerst Declaration, ¶ 5.*

### III. ARGUMENT

**A. The Defendant Has Not Made Any Showing Of Selective Prosecution That Would Entitle Him To Discovery**.

Defendant now requests discovery in support of a claim of selective prosecution. However, the defendant has not met the substantial showing that he must to be entitled to such discovery and the motion should be denied.

1. The Defendant Must Make Colorable Showing of Selective Prosecution To Obtain Discovery

The defendant is not entitled to discovery on the issue of selective prosecution

under Federal Rule of Criminal Procedure 16(a)(1). *United States v. Armstrong*, 517 U.S. 456, 465 (1996); *United States v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997)("in order to be entitled to discovery to establish a defense of selective prosecution, a defendant cannot rely upon Federal Rule of Criminal Procedure 16(a)(1)(C)"). Nor is he entitled to this discovery simply by raising an allegation of selective enforcement, which is all he had done in his Motion. Finally, a claim that the defendant cannot obtain better evidence on his selective prosecution claim without evidence from the government also does not entitle him to this evidence. *United States v. Arenas-Ortiz*, 339 F.3d 1066, 1071 (9th Cir. 2003) (denying discovery for defendants claim of selective prosecution of illegal reentry defendants).

In order to obtain discovery in furtherance of a selective prosecution claim, the defendant must make a "present some evidence tending to show the existence of the essential elements" of the claim. *Armstrong*, 517 U.S. at 471 (denying the defendants request for discovery to present a claim of selective prosecution); *Turner*, 104 F.3d at 1183-84 (finding that defendants' had not met their threshold showing to obtain discovery on the issue of selective enforcement). "To obtain discovery on a selective prosecution claim, a defendant must present specific facts, not mere allegations, which establish a colorable basis for the existence of both discriminatory application of a law <u>and</u> discriminatory intent on the part of government actors." *United States v. Bourgeois*, 964 F.2d 935, 939 (9th Cir. 1992) (denying discovery for defendant on claim of selective prosecution of federal firearms offenses) (emphasis added). A selective prosecution claim is based in an equal protection standards, a protection against disparate treatment of similarly situated persons. To make out a claim of selective prosecution, the defendant must show that the prosecutorial policy

    1) had a discriminatory effect <u>and</u>

    2) was motivated by a discriminatory purpose.

*United States v. Armstrong*, 517 U.S. at 463-65; *United States v. Turner*, 104 F.3d at

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY   - CR 07-678 JSW

3

1184.  In *Bourgeois*, the court recognized that "it will be a rare defendant who presents a sufficiently strong case ... to merit discovery of government documents." *Id.* at 939; *see also Armstrong*, 517 U.S. at 463-64 (recognizing that the standard to prevail on a claim of selective prosecution is a difficult one).  This high burden is necessary to discourage "fishing expeditions, protect legitimate prosecutorial records, [and] safeguard investigative records."  *Bourgeois*,  964 F.2d at 939 -940.

The showing that the defendant must make has not relaxed over time.  In 2007, consistent with all prior holdings on this issue, the Ninth Circuit upheld the denial of a defendant's request for discovery on the issue of selective enforcement.  *United States v. Blowers*, No. 06-10337, 2008 WL 510405 at *1 (January 8, 2007 69th Cir. 2008).  In *Blowers*, the defendant advanced a similarly unsupported argument as the defendant here. The court held that, even after an "enormous amount of testimony," defendant had failed to produce one source that the authorities had acted as he alleged or that the actions had a discriminatory effect.  *Id.*

    2.    <u>The Defendant Fails To Make Any Showing And Flatly Disregards Well-Established Case Law</u>.

Not only has the defendant failed to make the threshold showing, he has outright failed to allege <u>any</u> discriminatory effect or purpose as a result of a protected class to which he belongs.  Instead, he merely claims that the policy is "selective and inconsistent."  As set forth above - and in the cases cited by the defendant in his Motion- a selective prosecution claim is an equal protection claim that relates to improper actions taken with a discriminatory effect and that were motivated by a discriminatory purpose. Although not raised by the defendant, to the extent there is any doubt, the decision to prosecute the defendant, as sworn by the case agent, was not motivated by any improper purpose. *Purfeerst Declaration, ¶ 3*. The investigation fell within the stated work mission of the Worksite Enforcement Unit and was launched at that time that ICE prioritized the investigation and prosecution of persons, like the defendant, who employed illegal aliens.

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY   - CR 07-678 JSW

4

*Purfeerst Declaration,* ¶¶ *2, 3.* In *Turner*, the defendants alleged selective prosecution on the basis of race in connection with crack cocaine prosecutions. *Turner*, 104 F.3d at 1181-82. Similar to this case, in *Turner*, the FBI agent swore under oath that there was no discriminatory motive. In denying defendants request for discovery, the *Turner* court held that the defendant had "offered no evidence whatsoever of an intent on the part of the prosecutors to prosecute them on account of [a protected class], and the prosecutors and FBI agent have under oath denied such a motivation." *Id*. at 1185.

A selective prosecution claim does not relate to the "selection" by the government of the cases it chooses for prosecution. In complete disregard for decades of well-established case law including the cases he cites, the defendant argues that because the government "selectively prosecutes" these cases, <u>and selected to prosecute him</u>, he has a viable claim for selective prosecution. It is well-established that the United States has broad discretion in charging decisions. *United States v. Wayte,* 470 U.S. 598, 607-08. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion." *Id.* Absent clear evidence that the government has not properly exercised its duties - such as a properly supported claim of selective enforcement - "courts can presume that [prosecutors] have properly discharged their official duties." *Armstrong*, 517 U.S. at 464.

The fact that not every potential alien harboring case is being investigated and prosecuted does not in itself make out a selective prosecution claim. The information that defendant presents pertaining to other enforcement actions by ICE is not "significant" as he claims in his Motion. *Motion, p. 3.*  his  The current lack of a prosecution has in connection with an employer at a Hayward warehouse does not show that the investigation by ICE Worksite Compliance Unit or the decision to prosecute the defendant either 1) had a discriminatory effect or 2) was motivated by a discriminatory purpose. Neither does the fact that a Mexican furniture maker in Oakland was prosecuted

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY   - CR 07-678 JSW

5

1   in 2007 for the same crime with which the defendant was charged support the defendant's
2   argument.  In fact, the prosecution of another small business owner would cut against the
3   defendant's apparent argument.  The defendant's argument regarding the efforts of the
4   local government in San Francisco to create a "sanctuary city" is at best, a red herring.
5   What actions the City of San Francisco takes to provide illegal aliens access to social
6   services and encouragement to contact emergency services when needed, has no bearing
7   the ability of federal authorities to investigate employers who hire and house illegal aliens
8   for violations of federal law.  Nor does the existence of a "sanctuary city" make out any
9   showing, as is required, of a discriminatory effect or discriminatory purpose in the
10  investigation and prosecution of employers who employ illegal aliens in general, or the
11  defendant in particular.
12       Here, the defendant does not like the fact that he, and not others, were prosecuted
13  for employment and housing of illegal aliens.  However, the defendant's frustration and
14  anger that he does not render the actions of ICE discriminatory in any manner and make
15  the requisite showing to entitle him to discovery on his selective prosecution claim.

**B.  The Defendant Has Not Made Any Showing That Would Entitle Him to the Identity of the Informant**.

   1.   The Informant Privilege and *Roviaro*.

It is well-settled that the government is entitled to withhold from disclosure the identities of its informants. *McCray v. Illinois*, 386 U.S. 300 (1967); *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  Safeguarding an informant's identity protects important law enforcement objectives:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and by preserving their anonymity, encourages them to perform that obligation.

*Id.*; *accord United States v. Smith*, 780 F.2d 1102, 1107 (9th Cir. 1985) (identifying public interest in nondisclosure of informants).  In order to overcome this privilege, the burden is

on the defendant to establish "a need for the information ... and in doing so, must show more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001) (as amended). If the defendant makes this threshold showing, the court must then balance "the extent to which disclosure would be relevant and helpful to the defendant's case" against "the government's interest in protecting the identity of a particular informant," *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993), and "the public interest in protecting the flow of information," *Roviaro*, 353 U.S. at 62. This balancing should "tak[e] into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. The mere suspicion that information will prove helpful is insufficient to require disclosure. *United States v. Wong*, 886 F.2d 252, 256 (9th Cir. 1989). In fact, a "minimal threshold showing" with regard to one defense is required to even justify an in camera showing. *Id.*

    2.    <u>Defendant Does Not Meet His Burden of Making the Necessary Showing Required for Disclosure, and the *Roviaro* Factors Weigh Heavily In Favor of Nondisclosure.</u>

The defendant has not met his initial burden under *Roviaro*. He has done nothing more than speculate that the CI had a direct role beyond that of a "tipster" and fails to set forth any reason why he "need[s]" information regarding the CI. Mere speculation is not sufficient for the defendant to meet his burden of making the requisite showing for disclosure. *See United States v. Tousant*, 619 F.2d 810, 813 (9th Cir. 1980) ("Mere speculation about what the informer's testimony might be is not sufficient."); *United States v. Trejo-Zambrano*, 582 F.2d 460, 466 (9th Cir. 1978) (movant "must do more than speculate that disclosure will prove helpful").

In his Motion and supporting Declaration, the defendant - through counsel - speculates whether the CI is a former employee of his, Silvano Santos; surmises, without

support, that the CI was more than a mere tipster by virtue of his meeting with the case agent and providing information to him; and again, without support, hypothesizes that an undercover CI must have been working at the defendant's business. First, government counsel has repeatedly - orally and in writing - answered defense counsel's queries and confirmed that the referenced CI is not Silvano Santos. However, lest there be any further confusion, the case agent has sworn, under oath, that Silvano Santos is not the CI referenced in the case reports and at issue in this Motion. *Purfeerst Declaration*, ¶ 4.

With respect to the defendant's contentions that the CI is more than a tipster, notably, the defendant offers no declaration personally or other evidence to make even a prima facie showing that the CI was more than a tipster or that he had direct dealings with the defendant that led to the charged conduct. Further, defense counsel's Declaration fails to meet the defendant's initial burden under *Roviaro* for several reasons. First, the declaration is simply defense counsel's biased and incomplete account of voluminous discovery. Second, nothing in the Declaration provides any support for the apparent contention that the CI was an active participant in the conduct that gave rise to the charges rather than simply a source of information. Third, the facts concerning the CI attested to by the case agent flatly contradict the unsupported speculation advanced by the defendant in support of his motion. As sworn to by the case agent, the CI had no direct dealings with the defendant; had no first hand knowledge concerning the defendant; never served as an undercover informant in any dealings with the defendant; and in fact, has never met the defendant. *Purfeerst Declaration*, ¶ 5.

Further, defendant has not made any showing knowing the identity of the CI is relevant and helpful to his defense and essential to a fair trial. *See United States v. Henderson*, 241 F.3d 638 at 645. The CI here played no material role in the indicted conduct and was instead a mere "tipster." In the typical case, "knowledge of the identity of a tipster would not be essential in preparing the defense of the accused and the public interest in protecting such informants should weigh heavily in favor of nondisclosure."

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY  - CR 07-678 JSW

8

1  *Id.*; *see also United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006) (identity of CI
2  properly not disclosed where CI had never met the appellants); *United States v. Williams*,
3  898 F.2d 1400, 1402 (9th Cir. 1990) (where CI's tip was used only to obtain a search
4  warrant, disclosure is unwarranted) (citing cases); *United States v. Fixen*, 780 F.2d 1434,
5  1439 (9th Cir. 1986) (no right to disclosure where sole ground for seeking information is
6  to determine probable cause to search).

In *United States v. Wong*, the Ninth Circuit denied defendant's motion to disclose the informant's identity based on the fact that "there is no evidence to suggest that the informant was the only percipient witness to any critical event." The court explained:

> The informant's testimony would either have been cumulative or insignificant. Furthermore, the government largely avoided reference to the informant's activities throughout its case, relying instead on evidence relating to the defendants' activities ... where the DEA agents had agents engaged in surveillance of the defendants.

886 F.2d at 256. *See United States v. Jaramillo-Suarez*, 950 F.2d at 1387 (citations omitted) ("[T]here is no evidence to suggest that the informant was the only witness to any critical event," and therefore, the defendant "failed to show how disclosure of the informant's identity would have been "relevant and helpful."). Similarly here, the defendant can cross-examine the other witnesses with direct knowledge of the events. There is no need to gain access to a person who was simply a source of information and nothing more. In addition, the government does not plan to call the CI at trial or to make any significant reference to the CI's activities. The fact that the CI never met the defendant and did not have any direct dealings with the defendant distinguishes this case from all of the cases cited by the defendant in which disclosure occurred.

  3. <u>If the Defendant Meets His Initial Burden, the Hearing Should be Ex Parte to Protect the Identity of the CI.</u>

If the defendant makes his initial showing of need to learn a CI's identity, the Court can, within its discretion, hold an in camera hearing with the informant to decide whether the informant would in fact be "relevant and helpful" to the defense. *United States v.*

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY  - CR 07-678 JSW

1  *Ordonez*, 737 F.2d 793, 810 (9th Cir. 1984). It is within the Court's discretion whether to
2  hold an in camera hearing, and that discretion will be overturned only if there is an abuse
3  of discretion. *Fixen*, 780 F.2d at 1439. If the Court finds such a hearing necessary, the
4  government requests the hearing be held outside the presence of defense attorney and
5  defendant. The defense attorney can submit a list of questions to be asked by the Court at
6  the hearing. *See, e.g.*, *United States v. Rawlinson*, 487 F.2d 5, 8 (9th Cir. 1973) (finding
7  ex parte in camera hearing, where defense counsel files a set of questions to be asked the
8  informant, to be proper procedure in the *Roviaro* situation).

9      4.    Even if the Defendant Makes a Proper Showing at An Ex Parte Hearing, the
10         CI's Identity Should Not Be Disclosed Until Trial.

11 Evan if an ex parte hearing is held and the defendant somehow makes the
12 necessary showing, the CI's identity still should not be revealed until trial. Given that a
13 trial date has not even been set, disclosure of the identity of the CI is premature at this
14 stage in the proceedings. *See United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th
15 Cir. 2001) (affirming magistrate judge's discretion to withhold identity of informant until
16 trial).

17 **IV. CONCLUSION**

18 For the reasons stated above, the United States respectfully requests that the Court
19 deny the defendant's motion to compel discovery in all respects.

21                           JOSEPH P. RUSSONIELLO
22                           United States Attorney

23
24 DATED: April 30, 2008           /s/_____
                                  DENISE MARIE BARTON
25                                   Assistant United States Attorney

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO COMPEL DISCOVERY - CR 07-678 JSW