**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 07-00678 JSW |
| v. | **ORDER DENYING MOTION FOR BILL OF PARTICULARS** |
| GLENIO JESUA FERREIRA SILVA, | |
| Defendant. | |

**INTRODUCTION**

Now before the Court is Defendant Glenio Silva's Motion for a Bill of Particulars. The Government has opposed the motion. No reply has been filed. The matter is now ripe, and having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds this matter is suitable for disposition without oral argument. The hearing set for May 15, 2008, on this motion is VACATED. However, the Defendant's motion to compel discovery remains on calendar pending further order of this Court.

**ANALYSIS**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars." "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir.

1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

In this case, the indictment charges Defendant with violations of 18 U.S.C. § 1324(a)(1)(A)(iii), and the language of the indictment sufficiently tracks the language of the statute to apprise Defendant of the nature of the charges.[1] In addition, the Complaint provides additional information regarding the facts and circumstances surrounding the crime with which Defendant is charged. (*See* Docket No. 1 (Complaint and Affidavit in Support of Complaint and Arrest Warrant).)

Moreover, the Government has represented that it has provided the names of the aliens that Defendant is alleged to have harbored, and will provide additional notice by letter. Defendant has not contested these assertions by filing a reply brief. In addition, it is undisputed that the Government has provided the Defendant with extensive discovery, and Defendant has not asserted that the discovery provided to date does not adequately supplement the allegations of the indictment.

//
//
//

---

[1] The Court expresses no opinion on whether the allegations of the indictment are sufficient to survive a motion to dismiss and shall address that question when, and if, Defendant files a motion to dismiss the indictment on that basis.

2

Accordingly, although the Court recognizes that it has the discretion to order the Government to provide a bill of particulars, the Court concludes that it is not warranted in this case. Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE