STEVEN F. GRUEL (CSBN 213148)
Attorney at Law

655 Montgomery Street, Suite 1700
San Francisco, California 94111
Telephone Number (415) 989-1253
Fax Number (415) 576-1442
attystevengruel@sbcglobal.net

Attorney for Glenio Silva

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  No. CR-07-00678-JSW |
| | ) |
| Plaintiff, | )  DEFENDANT GLENIO SILVA'S |
| | )  REPLY TO GOVERNMENT'S |
| Vs. | )  OPPOSITION TO MOTION TO COMPEL |
| | )  DISCOVERY |
| GLENIO JESUA FERREIRA SILVA, | ) |
| | )  DATE:  May 15, 2008 |
| Defendant. | )  TIME:  2:30 p.m. |
| | ) |
| | ) |
| | ) |
| | ) |

Defendant Glenio Silva by and through his attorney, Steven F. Gruel, Esquire, hereby

submits DEFENDANT GLENIO SILVA'S REPLY TO GOVERNMENT'S OPPOSITION TO

MOTION TO COMPEL DISCOVERY.

DEFENDANT'S REPLY

A.  Requested Discovery for Selective Prosecution

Upon reviewing the government's opposition, the prosecution and defendant Silva agree on a

significant point:  "A selective prosecution claim is based on an equal protection standards (sic),

a protection against disparate treatment of similarly situated persons." Govt's  Opposition, page

*DEFENDANT GLENIO SILVA'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY*

3; 21-23.   The parties disagree, however, whether the preliminary showing permitting more discovery on the selectiveness of "worksite enforcement" in this case has been made from the admittedly sparse, but revealing, evidence available to the defendant.

Naturally, case agent Purfeerst has denied any improper motive or reason for the criminal charges in this case.   However, from the only available facts, the defendant has shown that the discovery he requests is not a wild and disfavored "fishing expedition" seeking to rifle through government files.  Rather, simply from public information, there is a undisputable shadow over this prosecution leaning toward, and preliminarily showing, an arbitrary and selective decision to file criminal charges in this case.  The defense discovery request is for easily defined universe of documents and not driven by "frustration and anger" as the prosecution suggests, but stems from either the government's constitutional abuse of prosecutorial discretion or the completely arbitrary enforcement of the law.[1]  While it is only an initial showing, Mr. Silva has presented facts from I.C.E.'s own website showing that this particular prosecution fails to include any of the egregious factors warranting criminal prosecution.[2]

In the recent case of <u>United States v. Trimble</u>,  487 F.3d  752 (9th Cir. 2007 ), the Ninth Circuit, although not on point, provided helpful insight in viewing criminal cases where arbitrary government action appears. In <u>Trimble,</u> the defendant was convicted of several petty offense traffic violations on federal property.  Unlike other similarly situated defendants, Ms.

---

[1]  Frankly, the government may harbor "frustration" in this case.  According to the government's discovery, its informant first ballyhooed the investigation as something showing Mr. Silva as a ringleader of a smuggling and immigration fraud operation.  After the time and expense of a four month federal investigation (complete with I.C.E. undercover visits to the pizza shops) all that has been allegedly shown is that Mr. Silva "harbored" a handful of illegal workers --- nothing more sinister.

*DEFENDANT GLENIO SILVA'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY*

Trimble had to pay a $25.00 processing fee for her traffic convictions because a different style

citation form was used in her case as opposed to others who received tickets that day.  Although

a mere $25.00, the Court reversed the imposition of the fee.  Analyzed under the basic

principles of due process and notice, the Court found the government action arbitrary.   The

same type of arbitrary government action, where other known illegal alien employers or those

who harbor illegal aliens are not criminally prosecuted, is already seen and can be further

established if given the discovery defendant seeks.

B.  Undisclosed Informant SA-1180-SF

   The prosecution has refused to provide the identity of an informant.  While the case agent's

declaration confirms that SA-1180-SF is not the second informant named Silvano Santos,

he fails to explain how, according to his own official reports, SA-1180-SF obtained  and

provided to the government detailed and specific information.

   For example, on March 5, 2007, SA-1180-SF provided copies of  the "books"

allegedly kept by Mr. Silva for Monterey Pizza.  These "books" were provided to the I.C. E. case

agent 3 months prior to the June 15, 2007 raid of the defendant's pizza shops. Presumably, the

"books" include the names and work done by the harbored aliens.

   Unless SA-1180-SF simply happened to find this alleged evidence on the street and then

decided to pass it on to the case agent, along with such personal information such as Mr. Silva's

home phone number, cell phone number and his wife's cell phone number, the government

should be compelled to provide this person's identity.  If, however, the government would rather

elect not to disclose SA-1180-SF, then it must accept that the "books," and any other evidence

*DEFENDANT GLENIO SILVA'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY*

– 3 –

stemming from this "evidence" is inadmissible at trial.  Simple chain of custody and authenticity

requirements demand disclosing SA-1180-SF's identity or losing the trial evidence.[3]

Likewise, SA-1180-SF enticed the I.C.E. case agent with stories of Mr. Silva's alleged alien

smuggling, phony documents and other wrongdoing.  All of these claims are untrue. If, SA-

1180-SF did not obtain or create this "information" independently, then it follows that someone

provided it to him.  If *that person (or persons)* is a government witness in this case, then this

misinformation constitutes significant impeachment material of that witness.  The identity of SA-

1180-SF would be necessary to establish this impeachment evidence.  As with the admissibility

of the "books," the prosecution must decide whether to disclose this informant or agree not to

call the individual(s) who assisted in relaying false information to the case agent.

Respectfully Submitted,


Dated:  May 7, 2008          ___/s/_____

STEVEN F. GRUEL
Attorney for Glenio Silva

---

[3]  The government has not, and can not, proffered any security or safety concerns requiring nondisclosure.  Instead, the
prosecution wants both its evidence and the ability to shield the defense from attacking the reliability of the evidence.

*DEFENDANT GLENIO SILVA'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY*