STEVEN F. GRUEL (CSBN 213148)
655 Montgomery Street, Suite 1700
San Francisco, California 94122
Telephone Number (415) 989-1253
Fax Number (415) 576-1442
attystevengruel@sbcglobal.net

Attorney for Glenio Silva

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>Vs.<br>GLENIO JESUA FERREIRA SILVA,<br>Defendant. | No. CR-07-0678-JSW<br><br>DEFENDANT GLENIO SILVA'S MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE THE REQUISITE SPECIFIC INTENT<br><br>Honorable Jeffrey S. White<br><br>Date: August 21, 2008 @ 2:30 pm |

THIS IS NOTICE that on August 21, 2008, at 2:30 p.m., defendant Glenio Silva will move this Court for an Order dismissing the Indictment. This motion is based on the Indictment, the record in this case and the arguments contained herein as well as to be presented at the hearing on this matter.

**INTRODUCTION**

On October 25, 2007, the Grand Jury for the Northern District of California returned a single

count Indictment against Glenio Silva charging him a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) – alien harboring. A copy of the indictment is attached hereto as Exhibit A.

The one count alleges that Mr. Silva did "knowingly and intentionally conceal, harbor and shield from detection aliens [John Does 1 – 6]" at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in knowing or reckless disregard of the fact that the aliens had remained in the United States in violation of law."

As currently charged, the government's indictment mistakenly alleges that it only need prove a general intent to commit alien harboring. Instead, the Ninth Circuit has found alien harboring as contained in Title 8, United States Code, Section 1324(a)(1)(A)(iii) to be a specific intent crime which must be proved beyond a reasonable doubt.

In a previously filed motion for a Bill of Particulars, the defense first raised the issue that the Indictment did not provide the correct *mens rea*. On May 5, 2008, in denying the motion for the Bill of Particulars, the Court expressed no opinion whether the allegations attacking the legality of the Indictment warranted an order to dismiss. The Court's Order is attached as Exhibit B. The defense submits that the indictment is fatally flawed and that it should be dismissed because it does not allege the requisite specific intent.

**THE LAW**

The Supreme Court has held that one of the protections an indictment is intended to guarantee is measured by "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet...." Russell v. United States, 369 U.S. 749, 763 (1962) (internal quotation marks and citation omitted). In turn, the Ninth Circuit has held that "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir.1985). An indictment's failure to

"recite an essential element of the charged offense is not a minor or technical flaw ... but a fatal flaw requiring dismissal of the indictment." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir.1999). In United States v. Pernillo-Fuentes, 252 F.3d 1030 (9th Cir. 2001), a case involving the attempted illegal entry into the United States by an alien, the Court, because the indictment did not allege the required specific intent, reversed the defendant's conviction and remanded the case back to the district court to dismiss the indictment for the fatal error. The same critical flaw is true in this case.

**ALIEN HARBORING REQUIRES ACTING WITH THE SPECIFIC INTENT TO PURPOSELY AVOID THE ALIEN'S DETECTION BY IMMIGRATION OFFICIALS**

The government's indictment is flawed for failure to allege the correct *mens rea*. Alien harboring is a specific intent crime which requires that one act with at least "the purpose of avoiding [the alien's ] detection by immigration authorities. United States v. You, 382 F.3d 958 (9th Cir. 2004).[1]

In You, the Court held that when a defendant is charged with illegal harboring, the jury must find that the defendant intended to violate the law. Id. at 966. In other words, the jury must find that the defendant acted with "*the purpose*" of avoiding [the alien's] detection by immigration authorities.

In similar immigration violations prosecuted under Title 8, United States Code, Section 1324, alien cases, the Ninth Circuit has ruled that the government must prove beyond a reasonable doubt both knowledge and specific criminal intent. United States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995)(alien smuggling requires knowing that the aliens where illegal *and* off-loaded

[1] See also, United States v. Latysheva, 162 Fed.Appx. 720, 727 (9th Cir. 2006) (*unpublished)* ("harboring of illegal aliens, 8, U.S.C. Section 1324(a)(1)(A)(iii), is a specific intent crime").

"intending to violate the law." United States v. Baragas-Montiel, 185 F.3d 947 (9th Cir. 1999)(for a conviction of 8 USC Section 1324 the government must show that the defendant acted with criminal intent to violate United States immigration laws).

Nguyen involved a large scale Asian organized crime smuggling operation off-loading hundreds of aliens from fishing boats that meet with a *mother ship* on the high seas. After trial before Judge Jensen, defendant Nguyen, one of the fishing boat operators, was convicted of knowingly bringing illegal aliens to the United States at a place other than a port of entry. Undersigned counsel, both as trial and appellate counsel, argued that the jury instructions adequately addressed the criminal intent requirements under 8 U.S.C. Section 1324. The Ninth Circuit disagreed and found that the jury had to find that "the defendant knew that the individuals were aliens and that he off-loaded them at other than a port of entry, intending to violate the law." Nguyen, at 894. Knowledge and intent were both required. *See also* United States v. Hernandez-Guardado, 228 F.3d 1017, 1022 (9th Cir. 2000) (a conviction under 8 U.S.C. Section 1324(a)(1)(A)(ii) requires more than just the defendant's knowledge or reckless disregard of the fact that the alien transported was illegally in the United States: the Government must also prove that the defendant "intended to further the alien's illegal presence in the United States), *citing* United States v. Hernandez-Franco, 189 F.3d 1151,1155(9th Cir. 1999).

The same is true in this case. While the indictment claims Mr. Silva harbored by providing housing to known illegal aliens, the charge falls well short of the correct *mens rea*. The prosecution must prove beyond a reasonable doubt that Mr. Silva provided this housing with both the knowledge of the aliens' illegal immigration status *and* with the specific criminal intent to purposely avoid immigration detection. It is simply not enough to allege, as seen in the

Indictment, that Mr. Silva harbored someone from detection knowing that the person was illegally in the United States. To be a viable indictment, the "harboring" must be done with the specific purpose to violate the immigration law.

**NO GOVERNMENT MATERIAL WITNESS HAS TESTIFIED THAT MR. SILVIA PROVIDED SHELTER TO PURPOSELY AVOID IMMIGRATION DECTECTION**

As already seen in this case, the government's burden of proving beyond a reasonable doubt the specific intent required is extremely critical. The government has conducted three material witness depositions in this case. The government material witnesses were Gilson Araujo, Wander Carlos De Araujo and Geraldo Rodrigues. [2] While they testified that at one time or another they stayed at either 954 B Street, Hayward, California or 599 Monterey Street, San Francisco, California, none testified that the purpose, or more correctly stated Mr. Silva's knowledge and purpose, for residing at these locations was to avoid immigration detection. In fact, under direct examination by the government, none of the three witnesses said, much less were asked, if they stayed at the pizzerias to avoid United States immigration officials.[3] In fact, on April 16, 2008, government material witness Geraldo Rodrigues testified on cross-examination that *when he asked* Mr. Silva if he could live at *Monterey Pizza*, he never mentioned anything about avoiding or hiding from immigration enforcement. TR:4/16/08; pp 67-68. Government witness Wander Carlos De Araujo testified on direct examination that he never

---

2 The transcripts of their testimony are filed along with this second round of defense motions to support not only this motion to dismiss the indictment for its legal shortcomings, but also in support of the motion to dismiss the indictment in the exercise of the Court's supervisory powers.

3 These government witnesses likewise do not support the contention that Mr. Silva even knew these gentlemen were in the country illegal.

asked Mr. Silva if he could live at *The Pizza House*, he just did. TR:10/12/07; pp 22-23. Finally, Gilson Araujo told us that he asked Mr. Sila if he could stay at *Monterey Pizza* because he had no other place to go, not because he needed safe haven from immigration. TR:10/12/07; pp 13-14.[4]

At a minimum, if the Court does not dismiss the indictment in its entirety, it should nevertheless dismiss or preclude any charge of alien harboring stemming from these three individuals.[5] Designated as the government's material witnesses we have the benefit of their trial testimony. Frankly, given the testimony already seen in this case, the government's case does not survive a Rule 29 defense motion at trial.

## GRAND JURY TRANSCRIPTS REQUESTED

Understandably the government has not provided any grand jury transcripts in this case. Possibly the government anticipates providing these discovery materials in advance of trial. However, in light of this motion to dismiss the indictment, the defense hereby requests an order requiring early disclosure of the grand jury transcripts to determine whether the Grand Jury was correctly instructed on the law as to the requisite specific intent necessary for a violation of the alien harboring statute. An incorrect summary of the law to the Grand Jury would also support the defense motion to dismiss the indictment.

---

4 Mr. De Araujo's testimony of ***no where else to go*** strikes at the very heart of the defense's selective prosecution claim. The City of San Francisco's Sanctuary status is in part an effort to prevent homelessness or other problems that flow from living in this country illegally. Yet, while the City's actions are with impunity, Mr. Silva is in a legal battle with the federal government.

5 The defense still does not know who are six John Does in the indictment. The government's May 1, 2008 letter opposing the Motion for Bill of Particulars lists seven individuals and mentions that the superseding indictment will "clarify any inconsistency . . ." The lack of clarification on this important issue still lingers. *See* government's May 1, 2008 letter attached as Exhibit C.

## CONCLUSION

Alien harboring is a specific intent crime. The Indictment lacks the correct *mens rea* and, therefore, must be dismissed.

Respectfully Submitted,

Dated: June 29, 2008

STEVEN F. GRUEL
Attorney for Glenio Silva

# EXHIBIT A

Case 3:07-cr-00678-JSW Document 21 Filed 10/25/2007 Page 3 of 4




SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
v.
GLENIO JESUA FERREIRA SILVA,
Defendant.

No. CR

VIOLATION: Title 8, United States Code, Section 1324(a)(1)(A)(iii) – Alien Harboring

SAN FRANCISCO VENUE

INDICTMENT

The Grand Jury charges:

COUNT ONE:

Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of California, the defendant,

GLENIO JESUA FERREIRA SILVA,

did knowingly and intentionally conceal, harbor, and shield from detection aliens, including John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5; and John Doe #6 at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in

//

knowing or reckless disregard of the fact that the aliens had remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

DATED: October 25, 2007

A TRUE BILL.

FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

GREGG W. LOWDER
Assistant United States Attorney
Chief, Major Crimes Section

(Approved as to form: AUSA BARTON)

# EXHIBIT B

United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GLENIO JESUA FERREIRA SILVA,

Defendant.

______________________________/

No. CR 07-00678 JSW

**ORDER DENYING MOTION FOR BILL OF PARTICULARS**

**INTRODUCTION**

Now before the Court is Defendant Glenio Silva's Motion for a Bill of Particulars. The Government has opposed the motion. No reply has been filed. The matter is now ripe, and having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds this matter is suitable for disposition without oral argument. The hearing set for May 15, 2008, on this motion is VACATED. However, the Defendant's motion to compel discovery remains on calendar pending further order of this Court.

**ANALYSIS**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars." "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir.

United States District Court
For the Northern District of California

1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

In this case, the indictment charges Defendant with violations of 18 U.S.C. § 1324(a)(1)(A)(iii), and the language of the indictment sufficiently tracks the language of the statute to apprise Defendant of the nature of the charges.[1] In addition, the Complaint provides additional information regarding the facts and circumstances surrounding the crime with which Defendant is charged. (*See* Docket No. 1 (Complaint and Affidavit in Support of Complaint and Arrest Warrant).)

Moreover, the Government has represented that it has provided the names of the aliens that Defendant is alleged to have harbored, and will provide additional notice by letter. Defendant has not contested these assertions by filing a reply brief. In addition, it is undisputed that the Government has provided the Defendant with extensive discovery, and Defendant has not asserted that the discovery provided to date does not adequately supplement the allegations of the indictment.

//

//

//

---

[1] The Court expresses no opinion on whether the allegations of the indictment are sufficient to survive a motion to dismiss and shall address that question when, and if, Defendant files a motion to dismiss the indictment on that basis.

United States District Court
For the Northern District of California

Accordingly, although the Court recognizes that it has the discretion to order the Government to provide a bill of particulars, the Court concludes that it is not warranted in this case. Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*

*(415) 436-7200*

*FAX:(415) 436-7234*

May 1, 2008

***BY EMAIL AND FACSIMILE***

Steven F. Gruel, Esq.
Law Offices of Steven F. Gruel
655 Montgomery Street, Suite 1700
San Francisco, CA 94111

Re: United States v. Glenio Silva
<u>CR 07-678 JSW</u>

Dear Steve:

As stated in my *Memorandum in Opposition to the Motion for Bill of Particulars*, the United States provides notice that the following aliens were identified as those harbored by the defendant at charging:

Fabio Ronan Barbosa
Allan Borges-Menezes
Gilson Araujo
Wander Carlos De Araujo
Luciano Alves Dos Reis
Francisco de Moraes
Marco Antonio Ferreira Jesus.

To date, you have been provided with full discovery pertaining to each of these persons.

I note, as I am sure you have, that there are seven aliens in the list above, not six as is listed in the Indictment. To clarify any inconsistency, I intend to seek a superseding indictment identifying the above seven aliens as well as the following additional persons as aliens harbored by Mr. Silva in violation of federal law -- Silvano Santos, Andrea DeSouza, and Geraldo Rodrigues. Full discovery concerning each of these persons has already been provided to you.

I provide this information to fully apprise you all of the identities of all allegedly harbored persons in an effort to avoid further motions. Providing this information is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We

explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney

Denise Marie Barton
Assistant United States Attorney