1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
2
    BRIAN STRETCH (CABN 163973)
3   Chief, Criminal Division

4   DENISE MARIE BARTON (MABN 634052)
    Assistant United States Attorney
5
    SERGIO PEREZ
6   Law Clerk

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
8       Telephone: (415) 436-7359
        Facsimile: (415) 436-7234
9       denise.barton@usdoj.gov

10  Attorneys for Plaintiff

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15                                  )   CR No. 07-678 JSW
                                    )
16  UNITED STATES OF AMERICA,       )   MEMORANDUM IN OPPOSITION TO
                                    )   DEFENDANT SILVA'S MOTION TO
17          Plaintiff,              )   DISMISS THE INDICTMENT FOR
                                    )   FAILURE TO ALLEGE THE REQUISITE
18      v.                          )   SPECIFIC INTENT
                                    )
19  GLENIO JESUA FERREIRA SILVA,    )   Hearing:
                                    )   Date:      August 21, 2008, 2:30 pm
20          Defendant.              )   Courtroom: Floor 2, Ctrm 2
    _____ )
21

22

23

24

25

26

27

28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

1

# TABLE OF CONTENTS

2                                                                              PAGE

3    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

4

5    I.    BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

6

7    II.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

8

9          A.   The Government's Indictment, Which Mirrors the Statutory Language,
                Satisfies Constitutional Requirements.. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
10
           B.   The Indictment Against the Defendant Alleges the Correct
11              Mens Rea Element.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

12              1.   Defendant Alleges an Improper Mens Rea for this Crime.. . . . . . . . . . . .   4

13              2.   The Detail of a Jury Instruction Is Not Required in an Indictment. . . . . . .   8

14              3.   The Ninth Circuit Does Not Require Proof of Intent to Evade
                     Immigration Authorities as an Element of Alien Harboring. . . . . . . . . . .   10
15
           C.   Defendant's Untimely Challenge to the Sufficiency of the Evidence
16              Should Be Denied.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

17         D.   Defendant's Request for an Order Compelling Grand Jury Transcripts
                 Should Be Denied.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14
18

19   III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

PAGE

## FEDERAL CASES

*Hamling v. United States,*
   418 U.S. 87 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. Acosta de Evans*,
   531 F.2d 428 (9th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Barajas-Montiel*,
   185 F.3d  947 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Bonallo,*
   858 F.2d 1427 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Boren,*
   278 F.3d 911 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Calhela,*
   456 F. Supp. 2d 350 (D. Conn. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 14

*United States v. Carter*,
   530 U.S. 255 (2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Celestine,*
    510 F.2d 457 (9th Cir. 1975).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Davis,*
   336 F.3d 920 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 9

*United States v. Fuller,*
   CR No. 07-30114, 2008 WL 2651413, (9th Cir. July 8, 2008). . . . . . . . . . . . . . . 9

*United States v. Garcia,*
   400 F.3d 816 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States. v. Gonzalez-Torres,*
    273 F.3d 1181 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Hernandez-Franco,*
    189 F.3d 1151 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hernandez-Guardado,*
    228 F.3d 1017 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*United States v. Jensen,*
    93 F.3d 667 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Khanani,*
    502 F.3d 1281 (11th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Kim,*
    193 F.3d 567 (2nd Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Lane,*
    765 F.2d 1376 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Liparota,*
    471 U.S. 419 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Musaleen,*
    35 F.3d 692 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Nguyen,*
    73 F.3d 887 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 12

*United States v. Pernillo-Fuentes,*
    252 F.3d 1030 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Quinones,*
    883 F.2d 662 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Resendiz-Ponce,*
549 U.S. 102, 127 S. Ct. 782 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

*United States v. Russell,*
369 U.S. 749 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Salazar-Gonzalez,*
458 F.3d 851 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Tiptoe,*
518 F.3d 591 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Uresti-Hernandez,*
968 F.2d 1042 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Walczak,*
783 F.2d 852 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. You,*
382 F.3d 958 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

*United States v. Zlatagur,*
271 F.3d 1025, 1029-30 (11th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**FEDERAL STATUTES**

2 U.S.C. § 192. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 192. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1326. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3500. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# FEDERAL RULES

Fed. R. Crim. P. 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Crim. P. 16(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Defendant's motion seeks to dismiss an indictment that is constitutionally sufficient and on its terms, fully apprises the defendant of the nature and elements of the charge against him. The language of the indictment properly charges the mens rea required under the statute and that is recognized in well-established case law. Defendant's motion, in effect, seeks to have this Court ignore long standing case law, and require an indictment contain the level of specificity of a jury instruction. In addition, the defendant prematurely seeks to have this court make rulings on the sufficiency of the evidence and to order disclosure of the grand jury transcripts. This motion is not supported by law and should be dismissed in all respects.

## I. BACKGROUND

On October 25, 2008, the Grand Jury for the Northern District of California returned an indictment charging the defendant Glenio Silva with Alien Harboring in violation of Title 8, United States Code, section 1324(a)(1)(A)(iii). *See ECF Docket No. 21.* Section 1324(a)(1)(A)(iii) provides that

> Any person who – . . . knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, such alien in any place, including any building or by any means of transportation.

8 U.S.C. § 1324(a)(1)(A)(iii). The indictment specifically charged that

> Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of California, the defendant, GLENIO JESUA FERREIRA SILVA, did *knowingly and intentionally* conceal, harbor, and shield from detection aliens, including John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5; and John Doe #6 at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in *knowing or reckless disregard* of the fact that the aliens had remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

*Indictment, ECF Docket No. 21 (*emphasis added). The defendant was arraigned on the

indictment on October 26, 2007.  *See ECF Docket No. 23.*  On May 1, 2008, the United States provided notice by letter of the identity of the aliens identified at John Doe #1 through #6.[1]

## II. ARGUMENT

### A. The Government's Indictment, Which Mirrors The Statutory Language, Satisfies Constitutional Requirements.

An indictment is required to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ."  Fed. R. Crim. P.  7(c)(1).  The Supreme Court has articulated three constitutional requirements for an indictment: it must contain the elements of the offense charged,  it must inform the defendant of the charge against which he/she must defend, and it must allow the defendant to plead an acquittal or conviction. *Hamling v. United States*, 418 U.S. 87, 117 (1974).  *See also United States v. Resendiz-Ponce*, 549 U.S. 102, 127 S. Ct. 782, 788 (2007) (holding that a indictment charging a violation of 8 U.S.C. § 1326 which "pointed at" the statute and alleged a date was sufficient); *United States v. Lane*, 765 F.2d 1376, 1380-81 (9th Cir. 1985) (dismissing challenge to sufficiency of indictment and finding that although it lacked explicit allegations of the arrangement of the conspiracy, the language charging conspiracy to defraud and recitation of overt acts was sufficient to apprise the defendant of the facts

---

[1] The May 1, 2008 letter advised counsel of the identities of seven aliens that had been identified as harbored aliens before the grand jury and regarding whom counsel had previously been provided with full discovery.  In the letter, undersigned counsel also advised defense counsel that she was aware that seven, not six as listed in the Indictment, had been identified before the Grand Jury and that she intended to seek a superseding indictment identifying the above seven aliens as well as three other aliens - who were identified by name in the letter - and regarding whom full discovery had already been provided.

Notwithstanding this detailed disclosure, the defendant claims that he does not know who the "John Does" are in the indictment. *Def. Motion, p. 6, n. 5.*  Not only has the defendant been advised of the identities of the "John Does" referenced in the Indictment, he has also been advised of the identities and provided discovery regarding additional aliens for whom a superseding indictment will be sought.

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT - CR 07-678 JSW

1    underlying the charge).  Generally, an indictment that tracks the language of the charged

2    statute is sufficient.  *Resendiz-Ponce*, 549 U.S. 102, 127 S. Ct. at 788 (the time and date

3    restrictions in the indictment which tracked the statutory language provided the defendant

4    "ample protection"); *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (indictment

5    that tracked language of the statute held sufficient).  *See also United States v. Bonallo*,

6    858 F.2d 1427, 1430-31 (9th Cir. 1988).(upholding sufficiency of an indictment finding

7    that "while the indictment here fell short of the desired standard, it was, nevertheless,

8    sufficient to fairly inform [the defendant] of the charge against him).

9        In this case, the indictment, which tracks the language of section 1324(a)(1)(A)(iii)

10   nearly verbatim, identifies the charged statute, the elements of the offense charged, a

11   mens rea element, the dates of the alleged offenses, and the locations where the offense is

12   alleged to have occurred.  In addition to tracking the language of the statute, the

13   indictment is premised on a "knowing and intentionally" act by the defendant, a mens rea

14   that is not included in the statute but requisite for culpability for this criminal act.  This

15   level of detail amply informs the defendant of the charge against which he must defend

16   and permits to plead guilty or not guilty to the offense.  *See Hamling v. United States*, 418

17   U.S. at 117 (1974).

18       The defendant incorrectly contends that  the indictment in this case suffers from

19   the same "critical flaw" as the indictment in *United States v. Pernillos- Fuentes*.  *See Def.*

20   *Motion to Dismiss, p. 3 (ECF Docket No. 74).*  In that case, the indictment charged an

21   attempt crime, attempted illegal reentry, and failed to contain *any* reference to intent.  252

22   F.3d 1030, 1031-32 (9th Cir. 2001)(emphasis added).  In  *Pernillos-Fuentes*, the Ninth

23   Circuit held that an indictment charging an attempt crime, in that case, attempted illegal

24   reentry, was required to allege the specific intent.  *Id.* at 1032.  In this case, the Indictment

25   does set forth a mens rea element in charging that the defendant "did *knowingly and*

26   *intentionally . . . .*"  *See Indictment, ECF Docket No. 21*.

27       The defendant's reliance on *United States v. Russell* is also misplaced.  In *Russell*,

28   the indictment was found to be insufficient.  369 U.S. 749, 765 (1962) (holding that

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

3

indictment charging persons for failure to testify before the House subcommittee on Un-American activities failed to identify the subject matter of refusal and was therefore insufficient). However, the charged statute in that case - 2 U.S.C. § 192, Failure to Testify or Give Papers Before Congress[2] - was one that by necessity required identification of specific facts, namely the subject matter on which the person failed to testify. *Id.* In its holding, the Court noted that "the very core of criminality under [that statute] is pertinency to the subject matter under inquiry of the questions which the defendant refused to answer." *Id.* at 764-765; *see also Resendiz-Ponce*, 549 U.S. 102, 127 S. Ct. At 789 (an indictment charging a violation of 18 U.S.C. § 1326 does not require the same level of specification as the statute in *Russell*).

An indictment charging Alien Harboring in violation of Title 18, United States Code, section 1324(a)(1)(A)(iii) does not require the same level of specificity as an indictment charging contempt for a specific act in violation of Title 2, United States Code, section 192. However, even if such specificity is required, the indictment against the defendant informs him of the specific dates and locations and elements of the offense charged and is therefore sufficient.

## B. The Indictment Against The Defendant Alleges The Correct Mens Rea Element.

The defendant's challenge that the indictment fails to properly allege mens rea fails in two respects. First, he flatly disregards the plain text of the indictment which includes a mens rea element. Second, he seeks to import a requirement that an indictment contain the level of detail explaining an element of an offense that would be proper for a jury instruction. His argument fails in both respects.

### 1.   Defendant Alleges An Improper Mens Rea For This Crime

The United States does not dispute that the crime of Alien Harboring requires a

---

[2] Every person who . . . having appeared [before Congress], refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty . . . . " 18 U.S.C. § 192.

1  mens rea or level of scienter.  The Indictment in this case charges that

2        the defendant, GLENIO JESUA FERREIRA SILVA, did
3        *knowingly and intentionally* conceal, harbor, and shield from
         detection aliens . . . in *knowing or reckless disregard* of the
         fact that the aliens had remained in the United States in
4        violation of law . . .

5  *Indictment, ECF Docket No. 21 (*emphasis added).  The Indictment clearly includes a

6  mens rea element that the defendant "knowingly and intentionally" took acts concerning

7  that aliens, the immigration status of whom he was "in knowing or reckless disregard.

8  Title 8, United States Code, section 1324(a)(1)(A)(iii) provides that

9        Any person who – . . . knowing or in reckless disregard of the
         fact that an alien has come to, entered, or remains in the
10       United States in violation of law, conceals, harbors, or shields
         from detection, such alien in any place, including any building
11       or by any means of transportation.

12  The statute does not refer to or infer a mens rea requiring a specific intent to violate the

13  alien harboring provision of the immigration law.  The "specific intent" mens rea urged

14  by defendant is not the correct mens rea for this crime.  The statute simply requires proof

15  that an action was taken "in knowing or reckless disregard" of facts concerning an alien's

16  immigration statutes.  Defendant does not, and cannot, support his argument that the

17  crime of alien harboring requires specific intent.

18       In *United States v. Liparota*, the Supreme Court held that Congressional intent is

19  the best guide to determine the mental state that is required to prove a violation of law.

20  471 U.S. 419, 424 (1985).  The Ninth Circuit, citing to *Liparota*, has also recognized that

21  because federal crimes are created by statute, the court should first look to the statute to

22  determine the mens rea associated with a particular crime. *See United States v. Nguyen*,

23  73 F.3d 887, 890-91 (9th Cir. 1995).  Thereafter, if any ambiguity exists regarding

24  Congress' intent, the court will imply a mens rea element. *Id.* at 891.  In this case, the

25  statute calls for "knowing or reckless disregard" as a mental state concerning the status of

26  the illegal aliens.  To the extent that the statute is considered to be silent on the mens rea

27  regarding the defendant's intent in the actions taken towards the aliens - i.e., concealment,

28  harboring, or shielding from detection - if an intent is to be implied, a general intent, not a

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

5

1    specific intent is the appropriate mens rea.

2         The presumption regarding scienter is in favor of "proof of general intent - that is,

3    that the defendant possessed knowledge with respect to the actus reus of the crime . . . ."

4    *United States v. Carter*, 530 U.S. 255, 269-69 (2000).   "To act with general intent, a

5    defendant must know the facts that make his actions illegal, but not that the action itself is

6    illegal. That is, the defendant need only intend to perform the underlying prohibited

7    action, not to break the law." *United States v. Salazar-Gonzalez*, 458 F.3d 851, 855-56

8    (9th Cir. 2006).  *See United States v. Carter*, 530 U.S. at 269-69 (general intent means that

9    "the defendant possessed knowledge with respect to the actus reus of the crime").  In

10   contrast, to act with specific intent, a heightened level of mens rea, "means 'more than the

11   general intent to commit the act [but that] the defendant knowingly did an act which the

12   law forbids, purposely intending to violate the law.'"  *United States v. Celestine*, 510 F.2d

13   457, 461 n.5 (9th Cir. 1975)(citation omitted).

14        In *United States v. Garcia*, the Ninth Circuit addressed the issue of the appropriate

15   scienter element in the crime of transportation of illegal aliens in violation of Title 8,

16   United States Code, section 1324(a)(1)(A)(ii).  400 F.3d 816, 819-20 (9th Cir. 2005).

17   Because the statutory language for this offense is similar to the statutory language for

18   alien harboring in the following subsection, *Garcia* provides useful guidance in assessing

19   the appropriate scienter level.[3]  In *Garcia*, the Court held that transportation of illegal

20   ────────────────

21       [3]  Section 1324(a)(1)(A)(ii) - Transportation of Illegal Aliens - states that
             Any person who – . . . knowing or in reckless disregard of the fact
22           that an alien has come to, entered, or remains in the United States
             in violation of law, transports, or moves or attempts to move such
23           alien within the United States by means of transportation or
             otherwise, in furtherance of such violation of law. . . ."
24

25   Section 1324(a)(1)(A)(iii) - Harboring of Illegal Aliens - states that:
             Any person who – . . . knowing or in reckless disregard of the fact
26           that an alien has come to, entered, or remains in the United States
             in violation of law, conceals, harbors, or shields from detection,
27           such alien any any place, including any building or by any means
             of transportation.
28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

1  aliens does not require specific intent but rather only that the defendant acted with

2  "knowledge or in reckless disregard."  *Id.* at 819-20.  *See also United States v. Uresti-*

3  *Hernandez*, 968 F.2d 1042, 1046  (9th Cir. 1992)(upholding a "reckless disregard" jury

4  instruction for Transportation of Illegal Aliens charge).  The Second Circuit has held

5  similarly with respect to the scienter element for transportation of illegal aliens.  *United*

6  *States v. Musaleen*, 35 F.3d 692, 698 (2d Cir. 1994).  In *Musaleen*, the defendants'

7  challenged their convictions on the ground that the "statute permits conviction without

8  requiring actual knowledge in satisfaction of the mens rea element."  *Id.*  The Second

9  Circuit noted that many statutes, including transportation of illegal aliens, permit

10  conviction on the basis of "reckless disregard" of certain facts or risks.  *Id.*

11      While not directly addressing challenges to the level of mens rea required for

12  conviction, in addressing the specific charge at issue in this case - alien harboring - and

13  transportation of illegal aliens, three other circuits have  recognized that a defendant may

14  be convicted based on his "reckless disregard"of the alien's unlawful presence.  *United*

15  *States v. Tiptoe*, 518 F.3d 591, 595 (8th Cir.  2008)(holding there was adequate basis for

16  the jury to conclude that the defendants "knew or reckless disregarded the fact that the

17  aliens were unlawfully in the country" to support alien harboring conviction); *United*

18  *States v. Khanani*, 502 F.3d 1281, 1287-89 (11th Cir. 2007)(upholding alien harboring

19  conviction following instructions that the defendant "knowing" acted and that he "knew

20  or was in reckless disregard" of the alien's status); *United States v. Zlatagur*, 271 F.3d

21  1025, 1029-30 (11th Cir. 2001)(upholding a jury instruction that included "knew or

22  reckless disregard" as a mens rea element" for transportation of illegal aliens); *United*

23  *States v. Kim*, 193 F.3d 567, 574-75 (2nd Cir. 1999)(upholding alien harboring conviction

24  on the ground that there was sufficient evidence to show that the defendants "knew or

25  recklessly disregarded" status as an alien not authorized to work).

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

1     The alien harboring statute defines the mental state of the criminal conduct as any

2   person who "knowing or in reckless disregard of the fact that an alien . . . ."  *See* 8 U.S.C.

3   § 1324(a)(1)(A)(iii).  This language does not intend for a specific intent requirement, as

4   claimed by the defendant, but rather a general intent, including direct knowledge or

5   recklessness.  Defendant's challenge is not supported by law and has been dismissed in a

6   strikingly similar case.  In *United States v. Calhela*, the defendant was charged with

7   several offenses, including alien harboring in violation of Title 18, United States Code,

8   section 1324(a)(1)(A)(iii).  456 F. Supp. 2d 350 (D. Conn. 2006).  The government

9   alleged that the defendant had hired illegal Portuguese aliens to work at his Dunkin'

10  Donuts coffee stores in Connecticut.  *Id.* at 355-56.  The defendant filed a motion to

11  dismiss claiming that the indictment failed to allege a mental state.  *Id.* at 361.  In

12  *Calhela*, the indictment alleged that "'the defendants . . . knowing or in reckless

13  disregard'" committed the offenses.  *Id.*  The *Calhela* court held that the indictment, by

14  alleging that the defendant "knew or acted with reckless disregard," alleged scienter

15  under section 1324(a)(1)(A)(iii).  *Id.*

16    In this case, the Indictment alleges that the defendant acted in "knowing or

17  reckless disregard" of the alien's immigration status but also that he took actions to

18  harbor the aliens "knowingly and intentionally." *See Indictment, ECF Docket No. 21*.

19  This level of mens rea has appropriately and sufficiently been alleged in the statute.

20  Accordingly, the defendant's Motion to Dismiss should be dismissed.

21      2.      The Detail of a Jury Instruction Is Not Required In An Indictment

22    Defendant improperly seeks to have this court ignore the long-standing case law

23  that an indictment is a "plain, concise, and definite written statement of the essential facts

24  constituting the offense charged" *see supra* Section II.A, and asks this Court to require

25  the level of detail contained in a jury instruction in the indictment.  In *United States v.*

26  *Davis*, the defendant presented a similar challenge after conviction in asking the district

27  court to dismiss the indictment for failure to allege any criminal intent.  336 F.3d 920, 922

28  (9th Cir. 2003).  In *Davis*, the indictment, which charged escape in violation of Title 18,

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

1   United States Code, section 751(a), did not contain any reference to an intent requirement

2   but did track the language of the statute that the defendant did "escape[ ] or attempt[ ] to

3   escape from ... any institution or facility." *Id.* at 922-24. In affirming the conviction, the

4   Ninth Circuit held that "[t]here is no dispute that the indictment does not contain a

5   specific verbal elaboration of criminal intent. This, however, is not fatal to the indictment

6   so long as the requisite intent is unambiguously found in the words of the indictment."

7   *Id.* at 924. Similarly, in *United States v. Fuller*, the defendant challenged the sufficiency

8   of the indictment claiming that the indictment did not allege that "that document be or

9   appear to be made by or under the authority of the United States." CR No. 07-30114,

10  2008 WL 2651413, at *5 (9th Cir. July 8, 2008). Although the court recognized that

11  phrase was an element of the offense that must be proved at trial, it nonetheless held that

12  the indictment contained the elements of the offense, fully apprised the defendant, and

13  was therefore sufficient. *Id.* "Though the indictment does not charge that the document

14  'appeared to be made by or under the authority of the United States,' a document 'of the

15  United States' [which was charged] sufficiently connotes a document 'made by or under

16  the authority of the United States.'" *Id.* In this case, the Indictment sets forth a scienter

17  or mens rea requirement. The lack of further explanation as to the detail that must be

18  proven is more appropriately contained in a jury instruction and does not render the

19  indictment constitutionally insufficient.

20      The defendant's motion rests mainly on two cases in which the defendant was

21  challenging the jury instructions or sufficiency of the evidence supporting a conviction,

22  not the sufficiency of the indictment. *See* cases cited in *Def. Motion, pp. 3-5, ECF*

23  *Docket No. 74.*[4] From these cases, he argues that the indictment should contain language

24

25      [4] In support of this argument, the defendant cites to the following cases:*United States v.*

26  *You*, 382 F.3d 958 (9th Cir. 2004)(affirming conviction for alien harboring over challenge to the
    mens rea set forth in the jury instruction); *United States v. Hernandez-Guardado*, 228 F.3d 1017,

27  1023-24 (9th Cir. 2000)(on a challenge to the sufficiency of the evidence in a transportation of
    illegal aliens under section 1324(a)(1)(A)(ii), court affirmed the conviction and held that the

28  government was required to prove that the defendant had an intent to further the presence of the

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

9

1  stating that the defendant acted with the specific criminal intent to "purposely avoid

2  immigration detection." *See Def. Motion, pp. 4, ECF Docket No. 74*.  Although these

3  cases may be instructive to drafting accurate jury instructions, none are instructive in

4  assessing the sufficiency of the indictment.  A decision by this Court regarding specific

5  type of knowledge required under the charged statute is premature now and is more

6  properly left to a pretrial conference when the court will consider the jury instructions

7  proposed by each of the parties.

8         3.    The Ninth Circuit Does Not Require Proof Of Intent to Evade Immigration
              Authorities As An Element of Alien Harboring

9

10        Although not pertinent to assessing the sufficiency of the indictment, to fully

11  respond to the defendant's Motion and advise this Court of the pertinent case law

12  concerning the element of the charged offense, the United States now summarily

13  addresses the defendant's claim that the crime of alien harboring requires an intent to

14  evade immigration authorities.[5]  In the Ninth Circuit, the elements of alien harboring have

15  been muddled by recent case law interpreting Title 8, United States Code, section 1324.

16  In contrast to other sub-sections of Section 1324, by its terms, Section 1324(a)(1)(A)(iii)

17  does not require proof that the defendant acted in furtherance of the alien's continued

18  presence in the United States or to avoid detection.  *Compare* 8 U.S.C. §

19  1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(a)(1)(A)(iii) (both statutes set forth in n.3).

20

21

22  alien); *United States v. Hernandez-Franco*, 189 F.3d 1151 (9th Cir. 1999)(on a motion

23  challenging the sufficiency of the evidence of transportation of illegal aliens, court upheld the
conviction finding that knowledge of illegal presence and intent to further presence in the United

24  States can be proven by direct or circumstantial evidence); *United States v. Nguyen*, 73 F.3d 887
(9th Cir. 1995) (reversing conviction for bringing in of illegal alien for failure to include intent in

25  jury instruction and prove intent).

26       [5]  The United States reserves the right to more fully address this issue upon submission of

27  jury instructions prior to trial and future proceedings before this court concerning jury
instructions.

28

1     Historically, the Ninth Circuit has held that in proving a violation of alien

2  harboring under Title 8, United States Code, Section 1324(a)(1)(A)(iii), the United States

3  was not required to prove that the defendant acted in furtherance of continuing the alien's

4  illegal presence or that the defendant acted with an intent to avoid detection of the alien.

5  In *United States v. Aguilar*, the Court held that a charge of "harboring" did not require

6  proof of an intent to avoid detection.  883 F.2d 662, 690 (9th Cir. 1989)(relying on

7  legislative history in finding that "the word 'harbor' means 'to afford shelter to' and does

8  not require an intent to avoid detection") (citing *United States v. Acosta de Evans*, 531

9  F.2d 428 (9th Cir. 1976), superseded on other grounds, *United States. v. Gonzalez-Torres*,

10  273 F.3d 1181 (9th Cir. 2001).  *See also United States v. Quinones*, 883 F.2d 662, 689-90

11  (9th Cir. 1989) (without ruling on sufficiency of jury instruction, affirming conviction

12  based on alien harboring instruction that required proof that the defendant's conduct

13  "substantially facilitated the alien's unlawful presence" and did not contain a requirement

14  that the defendant act with "intent to evade detection").  Although *United States v.*

15  *Aguilar* has not been overruled on the issue of alien harboring, the Ninth Circuit's later

16  decisions on jury instructions for the "bringing in" and "transportation" offenses charged

17  under section 1324 have confused the elements of proof for this seemingly

18  straightforward offense.

19     In cases addressing different sub-sections of Section 1324, namely the "bringing

20  in" or "transportation" of illegal aliens under sections 1324(a)(1)(A)(I) and

21  1324(a)(1)(A)(ii), the Ninth Circuit has required proof of an intent to further the alien's

22  illegal presence or to avoid detection of the alien.  In *United States v. Barajas-Montiel*,

23  the Court considered a jury instruction for bringing in of illegal aliens in violation of

24  Section 1324(a)(1)(A)(I).[6]  The Court held that although Section 1324(a)(1)(A)(I) did not

25  _____

26     [6] Section 1324(a)(1)(A)(i) provides any person who "knowing that a person is an alien,
brings to or attempts to bring to the United States in any manner whatsoever such person at a
27  place other than a designated port of entry or place other than as designated by the
Commissioner, regardless of whether such alien has received prior official authorization to come
28  to, enter, or reside in the United States and regardless of any future official action which may be

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

11

explicitly include language that the defendant act with an intent to commit a crime, the United States is required to prove an intent to commit a crime as an element of the offense.  185 F.3d  947, 953 n.7 (9th Cir. 1999).  The Court held that the act of bringing in an illegal alien was similar to transporting aliens which was addressed in Section 1324(a)(1)(A)(ii) and does, in its terms, include a requirement that the defendant act with an intent to violate the law.  *Id.*; *see also United States v. Hernandez-Guardado*, 228 F.3d 1017, 1022 (9th Cir. 2000) (holding that Section 1324(a)(1)(A)(ii) (transporting aliens) requires more than just knowledge or reckless disregard for the alien's illegal status and that the Government must prove that the defendant "intended to further the alien's illegal presence in the United States"); *United States v. Nguyen,* 73 F.3d 887, 894 (9th Cir. 1995) (holding Section 1324(a)(1)(A)(ii) requires proof on intent to criminal act).

In *United States v. You*, an alien harboring case under Section 1324(a)(1)(A)(iii), the government proffered and the court adopted jury instructions that included a requirement that the defendants acted with 'the purpose of avoiding [the alien's] detection by immigration authorities." 382 F.3d 958, 965-66 (9th Cir. 2004).  The defendant challenged the jury instruction claiming that the instruction did not include the word "knowingly" in the instructions and therefore did not require the jury to find the requisite mens rea for the crime.  *Id.*  Notwithstanding the absence of any language in the terms of the statute that the defendant acted "for the purpose of avoiding [the alien's] detection by immigration authorities, " the Court upheld an alien harboring jury instruction that included a requirement with that language.  The court held that although the instructions did not include the word "knowingly," the language did include a mens rea element because the jury must find that the defendants acted with "the purpose of avoiding [the aliens'] detection by immigration authorities." *Id.* (citations and quotations omitted).

Although proffered and adopted in *You*, the United States does not concede in this case, that the jury instructions for alien harboring should properly include a requirement

taken with respect to such alien... shall be punished."

1    that the defendant acted with "the purpose of avoiding [the alien's] detection by

2    immigration authorities.  The United States suggests that because the *You* case merely

3    involved a challenge to the mens rea aspect of the jury instruction, it did not address

4    whether such language was properly included in the language of the jury instructions

5    proffered by the United States and is therefore not binding authority on the elements of a

6    the jury instruction for a violation of Title 8, United States Code, section

7    1324(a)(1)(A)(iii).  The *You* Court was not addressing whether this element was required

8    to prove alien harboring but was simply ruling that the United States had, by inclusion of

9    this language, met its burden with respect to knowledge. Regardless of how the Court

10   interprets these cases, this issue is more properly heard prior to trial when the parties

11   submit proposed jury instructions.

12          For all these reasons, the indictment as charged sufficiently sets forth an intent

13   requirement and the defendant's Motion should be denied.

14
15   **C.  Defendant's Untimely Challenge To The Sufficiency Of the Evidence Should
     Be Denied.**

16          The defendant's challenge to the sufficiency of the evidence is premature.  In

17   effect, he asks this Court to enter an order for summary judgment based on his recitation

18   of and faulty interpretation of a small portion of the evidence to be presented at trial. It is

19   well established that "[a] motion to dismiss the indictment cannot be used as a device for

20   a summary trial of the evidence . . . ."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.

21   2002) (denying motion to dismiss for failure to state an offense).  *See also United States*

22   *v. Jensen*, 93 F.3d 667, 669 (1996) ("[a] defendant may not properly challenge an

23   indictment, sufficient on its face, on the ground that the allegations are not supported by

24   adequate evidence) (citation and quotation omitted); *United States v. Calhela*, 456 F.

25   Supp. 2d 350, 361 (D. Conn. 2006) (alien harboring case in which the court denied a

26   motion to dismiss based on the sufficiency of the indictment holding that  "[w]hether the

27   Government will be able to prove its allegations at trial that defendants were aware of, or

28   acted in reckless disregard of, the unlawfulness of the alien's entry and presence . . . is not

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW

1    properly considered at this stage").  The Defendant's unsupported suggestion to restrict

2    evidence regarding certain witnesses is no more than a challenge to the sufficiency of the

3    evidence and should be denied.

4    **D. Defendant's Request for An Order Compelling Grand Jury Transcripts**
     **Should Be Denied.**

5

6         Defendant's request for Grand Jury transcripts is not supported by law and should

7    be denied.  His unfounded and conclusory speculation whether the Grand Jury was

8    improperly instructed does not warrant this Court ordering disclosure of transcripts that

9    are not subject to discovery under Fed. R. Crim. P. 16 or to trial disclosure at this time.

10   *See* Fed. R. Crim. P. 16(a)(3); 18 U.S.C. § 3500; *Guidelines for Motions, Final Pretrial*

11   *Conference and Trial in Criminal Jury Cases*.  Moreover, the defendant has not cited any

12   particularized need that would outweigh the policy of protecting the secrecy of the grand

13   jury.  *United States v. Walczak*, 783 F.2d 852 (9th Cir. 1986) (citing *Pittsburgh Plate*

14   *Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323

15   (1959)) (disclosure of grand jury transcripts would only be appropriate in certain cases

16   with a particularized showing ).  In *United States v. Calhela*, *supra*, just as in this case,

17   the defendant requested premature disclosure of grand jury transcripts claiming, without

18   support, that the "'it appears that the grand jury was not presented with sufficient

19   information to enable it to have found probable cause.'"  *United States v. Calhela*, 456 F.

20   Supp. 350, 364-65 (D. Conn. 2006).  In that case, the court denied the request, noting that

21   the defendant's speculative and conclusory claim did not support a request for an

22   production or an *in camera* review.  *Id.*  This court should similarly deny the defendant's

23   unsupported and unfounded request.

24   //

25   //

26   //

27   //

28   //

1

## III.  CONCLUSION

2      For the reasons stated above, the United States should respectfully request that the

3   Court deny the defendant's Motion to Dismiss in all respects.

4

5                                    Respectfully Submitted,

6

7                                    JOSEPH P. RUSSONIELLO
                                     United States Attorney
8

9

10   DATED: July 21, 2008            _____/s/_____
                                     DENISE MARIE BARTON
11                                   Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS THE INDICTMENT
- CR 07-678 JSW
                                     15