1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
2
    BRIAN STRETCH (CABN 163973)
3   Chief, Criminal Division

4   DENISE MARIE BARTON (MABN 634052)
    Assistant United States Attorney
5

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-7359
      Facsimile: (415) 436-7234
8     denise.barton@usdoj.gov

9   Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                     SAN FRANCISCO DIVISION
13

14                                  )   CR No. 07-678 JSW
                                    )
15  UNITED STATES OF AMERICA,       )   MEMORANDUM IN OPPOSITION TO
                                    )   DEFENDANT SILVA'S MOTION TO
16          Plaintiff,              )   DISMISS FOR SELECTIVE
                                    )   PROSECUTION AND PURSUANT TO
17      v.                          )   THE COURT'S SUPERVISORY POWERS
                                    )
18  GLENIO JESUA FERREIRA SILVA,    )
                                    )
19          Defendant.              )   Hearing Date:  August 21, 2008, 2:30 pm
    _____ )   Courtroom:     Floor 17, Ctrm 2
20

21

22

23

24

25

26

27

28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS FOR SELECTIVE
PROSECUTION AND PURSUANT TO THE COURT'S SUPERVISORY POWERS  - CR 07-678 JSW
                                    1

1   The defendant has failed to adduce any evidence in support of the threshold

2   showing to support a claim of selective prosecution.  And, he provides no support for his

3   Motion to Dismiss pursuant to the Court's supervisory powers.  For the reasons set forth

4   below, his Motion to Dismiss should be denied.

5   ## I. BACKGROUND

6   The complaint and indictment charging the defendant with one count of Alien

7   Harboring, in violation of Title 8 of the United States Code, section 1324(a)(1)(A)(iii)

8   followed a lengthy investigation in which ICE Agents engaged in surveillance of Silva's

9   businesses from March 2007 through execution of search warrants in June 2007.  *See*

10  *generally Complaint, ECF Docket No. 1* and *Indictment, ECF Docket No. 21*.  This

11  investigation was conducted by the ICE, Worksite Enforcement Unit, which investigates

12  matters concerning the unlawful employment, smuggling, and harboring of certain aliens

13  in violation of Title 8, United States Code, Sections  1324 et. al.  *See Declaration of ICE*

14  *Special Agent Christopher Purfeerst ("Purfeerst Declaration"), ¶ 2, ECF Docket No. 64.*

15  Contrary to defendant's assertions, the investigation and prosecution of Silva was not

16  motivated by or related to his race, religion, sex, national origin, or other arbitrary

17  classification.  *See Purfeerst Declaration, ¶ 3, ECF Docket No. 64.*  The case was

18  investigated after worksite enforcement was set as an ICE priority in early 2007.  *See*

19  *Purfeerst Declaration, ¶ 2, ECF Docket No. 64.*

20  On May 15, 2008, this Court heard and denied the Defendant's Motion to Compel

21  Discovery, *ECF Docket No. 57*, in support of a claim of selective prosecution.  *See*

22  *Minute Order, dated May 15, 2008, ECF Docket No. 70.*  In denying the defendant's

23  Motion, this Court held that

24
25  in *Armstrong*, the Supreme Court held that with respect to the
    discriminatory-effect element in a case of selective
    prosecution based upon race, this requires a defendant to put
26  forth some evidence that, quote, "similarly situated defendants
    of other races could have been prosecuted but were not."  End
27  quote.  And, that's at 469 of that case.

28

*Transcript of Proceedings, dated May 15, 2008*, <u>Exhibit 4 </u>to Barton Declaration, p. 11.

Th Court further ruled that

> In this case, the defendant attests that the United States Attorney's Office has chosen to prosecute only three Work Site Enforcement cases. And, notwithstanding that, and notwithstanding the offers that are made by Counsel, the defendant has not put forth any evidence regarding those cases it has  - - that the Government has chosen not to prosecute. Instead, the defendant appears to rely on the description of the Work Site Enforcement program, and contents that this case and the other cases that have been prosecuted do not fall within its parameters. Thus, even if the defendant's theory is that the Government is acting in an arbitrary fashion with respect to the prosecution of these types of cases, the Court -  - the record still fails to show evidence showing the manner in which the Government acted arbitrarily.

*Transcript of Proceedings, dated May 15, 2008*, <u>Exhibit 4 </u>to Barton Declaration, pp. 12-13.

## II. ARGUMENT

**A.    The Defendant Has Failed T Present Any Evidence In Support of His Selective Prosecution Claim**

It is well-established that the United States has broad discretion in charging decisions. *United States v. Wayte,* 470 U.S. 598, 607-608 (1985). "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion." *Id.* Absent clear evidence that the government has not properly exercised its duties - such as a properly supported claim of selective enforcement - "courts can presume that [prosecutors] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

A selective prosecution claim is based in an equal protection standards, a protection against disparate treatment of similarly situated persons. To make out a claim of selective prosecution, the defendant must show that the prosecutorial policy

1) had a discriminatory effect <u>and</u>

1    2) was motivated by a discriminatory purpose.

2    *United States v. Armstrong*, 517 U.S. at 463-65 (1996); *United States v. Turner*, 104 F.3d

3    1180, 1184 (9th Cir. 1997)( "[t]he kind of intent to be proved is that the government

4    undertook a particular course of action at least in part 'because of,' not merely 'in spite of'

5    its adverse effects upon an identifiable group.")(quotations and citation omitted).  In

6    *Armstrong*, the Court held that "[w]e think the required threshold-a credible showing of

7    different treatment of similarly situated persons-adequately balances the Government's

8    interest in vigorous prosecution and the defendant's interest in avoiding selective

9    prosecution." *Armstrong*, 517 U.S. at  469-70.

10    In *United States v. Gonzales*, another district was presented with and denied a

11    similar challenge that the one now raised by defendant. No. 07CR140-P.B., 2008 WL

12    160636 (N.D. Miss. January 15, 2008).  In *Gonzales*, the defendants moved to dismiss the

13    indictment on the ground of selective prosecution claiming that he was chosen for

14    prosecution because he was Hispanic.  As "proof" of his claim, he asserted that other

15    contractors had illegal aliens on their payrolls but were not prosecuted.  *Id.* at *9.  The

16    court held that the defendants (1) failed to make a prima facie showing of selective

17    prosecution because they had failed to show that similarly situated contractors were not

18    prosecuted and (2) failed to present any evidence aside from conclusory allegations that

19    the Government prosecuted him based on his Hispanic origin.  *Id.*  Just as the defendant

20    did in *Gonzalez*, the defendant in this case failed to provide evidence of selective

21    prosecution but rather proffers unsupported claims of unfairness and arbitrary action.

22    enforcement

23    Not only has the defendant failed to make the requisite threshold showing, he has

24    outright failed to allege <u>any</u> discriminatory effect or purpose as a result of a protected

25    class to which he belongs.  As the Court held in *Armstrong*, "if the claim of selective

26    prosecution were well founded, it should not have been an insuperable task to prove that

27    persons of other [nationalities] races were being treated differently than respondent[ ]."

28

1    *Armstrong*, 517 U.S. at 470.   It was not until the hearing on the *Motion to Compel*

2    *Discovery* hearing that the defendant even identified "nationality" as the basis for his

3    claim.  *Transcript of Proceedings, dated May 15, 2008*, <u>Exhibit 4</u> to Barton Declaration,

4    pp. 3-4.  In neither the *Motion to Compel Discovery* nor the instant Motion has the

5    defendant proffered any evidence that other persons of Portuguese nationality were being

6    treated different than the defendant or that the prosecutorial action was motivated by

7    discriminatory intent towards Portuguese nationals.  The "new" evidence that is set forth

8    as <u>Exhibits B-F</u> to the Declaration of Steven F. Gruel, *ECF Docket No. 78*, also fails to

9    present any such proof.  Neither a material witness' testimony nor an Order of a State

10   Labor Authority inform - either directly or indirectly - on the discriminatory effect or

11   Government's.  This Court has already held that this type of evidence is not sufficient to

12   make out a showing for discovery on a selective prosecution claim.  *Transcript of*

13   *Proceedings, dated May 15, 2008*, <u>Exhibit 4</u> to Barton Declaration, pp. 11-13.  For the

14   same reasons set forth by thisCourt in its May 15, 2008 opinion and those set forth above,

15   this Court should deny defendant's Motion to Dismiss.

16   **B.      The Defendant Has Failed To State Any Grounds That Would**

17   **Warrant Dismissal Pursuant the Court's Supervisory Powers**

18   By his own admission, the defendant cannot direct the Court to any authority that

19   supports his request for dismissal pursuant to the supervisory powers of the Court.  In

20   fact, no such authority exists.  "The Supreme Court has recognized only three legitimate

21   bases for the exercise of the supervisory power: to implement a remedy for the violation

22   of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring

23   that a conviction rests on appropriate considerations validly before a jury; and to deter

24   future illegal conduct."  *United States v. Hasting*, 461 U.S. 499, 505-506 (1983).  None of

25   those considerations are at issue, or alleged to be at issue by the defendant, in this case.

26   Defendant's incomplete and faulty interpretation of the evidence adduced at the

27   material witness depositions does not support dismissal under this Court's supervisory

28

MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'S MOTION TO DISMISS FOR SELECTIVE
PROSECUTION AND PURSUANT TO THE COURT'S SUPERVISORY POWERS  - CR 07-678 JSW

5

powers.[1]  Further, neither of the cases cited by the defendant support his request.  In *United States v. Hasting*, to remedy what it perceived to be a repeated practice by prosecutors in the circuit to comment on the silence of the defendant, the circuit court, in an exercise of its supervisory powers, reversed a conviction in which the prosecutor purportedly made such a comment without engaging in a harmless error analysis.  461 U.S. at 505-506.  The Supreme Court held that this action by the court was an improper exercise of supervisory powers and reversed.  *Id.* at 512.  In *United States v. Simpson*, the district court twice dismissed an indictment on the grounds that the prosecution conduct was outrageous.  927 F.2d 1088, 1090 (9th Cir. 1991).  The Ninth Circuit twice reversed the district court holding, in the last decision, that the district court had impermissibly exercised supervisory powers for conduct that occurred outside of the courtroom and had acted in a manner that violated the separation of powers doctrine.  *Id.* at 1091.

This case is not one in which it would be appropriate or warranted for this Court to exercise it supervisory powers to dismiss the indictment.  Accordingly, the defendant's Motion should be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's Motion to Dismiss in all respects.


                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

DATED: July 21, 2008            _____/s/_____
                                        DENISE MARIE BARTON
                                        Assistant United States Attorney

---

[1]  The last material witness deposition was not cancelled for the reason speculated by the defendant.  Rather, the deposition was cancelled after defense counsel improperly used the prior material witness deposition as a discovery tool rather than to preserve trial testimony, the purpose of a material witness deposition.