**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GLENIO SILVA,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 07-00678-1 JSW<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT FOR FAILURE TO ALLEGE REQUISITE INTENT** |

**INTRODUCTION**

Now before the Court is the Motion to Dismiss the Indictment for Failure to Allege the Requisite Intent. Having considered the parties' papers, relevant legal authority, the record in this case, the Court finds the matter suitable for disposition without oral argument. The Court HEREBY DENIES the motions to dismiss.[1]

**BACKGROUND**

On October 25, 2007, the Grand Jury returned a one count indictment against Silva, which charges:

> Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of California, the defendant,
>
> GLENIO JESUA FERREIRA SILVA
>
> did knowingly and intentionally conceal, harbor, and shield from detection aliens, including John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 at 954 B Street, Hayward, California and

---

[1] In his motion, Silva also challenges the sufficiency of the evidence against him based on the depositions of three material witnesses. The Court finds that challenge premature, and DENIES WITHOUT PREJUDICE this aspect of Silva's motion.

1  599 Monterey Street, San Francisco, California, in knowing or reckless
2  disregard of the fact that the aliens had remained in the United States in
   violation of law, in violation of Title 8, United States Code, Section
3  1324(a)(1)(A)(iii).

4  (Docket No. 21.)[2]

## ANALYSIS

**A.     Legal Standard.**

An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In judging the sufficiency of the indictment, [the district court] must determine whether it adequately alleges the elements of the crime and whether [the defendant] was fairly informed of the charge against him, so that he can defend himself against the charge and plead double jeopardy against subsequent prosecution." *United States v. Musacchio,* 968 F.2d 782, 787 (9th Cir. 1991); *see also United States v. Morlan,* 756 F.2d 1442, 1444 (9th Cir. 1985).

Although an indictment that tracks the language of the statute may be sufficient, "implied, necessary elements not present in the statutory language, must be included in an indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). "An indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw ... but a fatal flaw requiring dismissal of the indictment.'" *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)).

**B.     Silva's Motion to Dismiss is Denied.**

Pursuant to 8 U.S.C. § 1324(a)(1)(A)(iii), any person who, "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation," shall be punished "as provided in subparagraph (B)." As Silva argues, the

---

[2] Based on the Government's representations that it would provide Silva with the names of the aliens Silva is alleged to have harbored, the Court denied Silva's motion for a bill of particulars. (Docket No. 67.)

2

Ninth Circuit has held that a violation of section 1324(a)(1)(A)(iii) is a specific intent crime. *United States v. You*, 382 F.3d 958, 966 (9th Cir. 2004); *see also* Ninth Circuit Model Jury Instruction 9.3 (setting forth elements of a violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and requiring Government to prove, *inter alia*, that the defendant concealed [*alien*] for the purpose of avoiding [*alien*]'s detection by immigration authorities").[3]  Silva argues that the Indictment is defective because it fails to allege the requisite intent.  The Court disagrees.

In *You*, the defendants challenged the jury instructions, which stated that the jury must find the defendants had acted "with *the purpose of* avoiding [the aliens'] detection by immigration authorities." *Id.* (emphasis and brackets in original).  In concluding that the jury instruction was "synonymous with having acted with necessary intent," the court noted that "intent" has been defined as "intention or purpose," and that "purpose" has been defined to mean "the reason for which something is done." *Id.* at 966 n. 3 (quoting The New Oxford American Dictionary 883 &1384 (2001)).

In this case, the Indictment alleges that Silva "did knowingly and *intentionally* conceal, harbor, and shield from detection aliens."  (Docket No. 21 (emphasis added).)  Although Silva takes issue with the fact that the Indictment does not contain language that Silva acted "for the purpose of" harboring aliens or that he acted "purposefully," the Court concludes that the Indictment's use of the synonymous term "intentionally" satisfies the requisite intent element. *Cf. United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc) ("In general, 'purpose' corresponds to the concept of specific intent, while 'knowledge' corresponds to general intent.").

//
//
//
//
//

---

[3]  Although the Government argues to the contrary, the Court is bound by the holding in *You*.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Silva's Motion to Dismiss the Indictment for Failure to Allege the Requisite Intent. Silva's alternative request for disclosure of grand jury transcripts is, accordingly, DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: August 12, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4