**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 07-00678-1 JSW |
| v. | **ORDER DENYING MOTION TO DISMISS INDICTMENT FOR SELECTIVE PROSECUTION AND PURSUANT TO THE COURT'S SUPERVISORY POWERS** |
| GLENIO SILVA, | |
| Defendant. | |

## INTRODUCTION

Now before the Court is the Motion to Dismiss the Indictment for Selective Prosecution and Pursuant to the Court's Supervisory Powers. Having considered the parties' papers, relevant legal authority, the record in this case, the Court finds the matter suitable for disposition without oral argument. The Court HEREBY DENIES the motion to dismiss.

## BACKGROUND

On October 25, 2007, the Grand Jury returned a one count indictment against Silva, which charges:

> Beginning on a date unknown to the Grand Jury but not later than April 30, 2000, and continuing until on or about June 15, 2007, in the Northern District of California, the defendant,
>
> GLENIO JESUA FERREIRA SILVA
>
> did knowingly and intentionally conceal, harbor, and shield from detection aliens, including John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 at 954 B Street, Hayward, California and 599 Monterey Street, San Francisco, California, in knowing or reckless disregard of the fact that the aliens had remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

(Docket No. 21.)

On May 15, 2008, the Court denied a motion for discovery on the issue of selective prosecution on the basis that Silva had not met his burden to show discovery is warranted. Silva now moves to dismiss the indictment on the basis of selective prosecution, and also moves to dismiss based upon the Court's supervisory powers.

## ANALYSIS

**A.    The Motion to Dismiss for Selective Prosecution is Denied.**

A claim for selective prosecution requires a defendant to show that the prosecutorial policy had both a discriminatory effect and a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 463-65 (1996). "Both prongs must be demonstrated for the defense to succeed. [A]wareness of consequences is not the same as intent to discriminate. The kind of intent to be proved is that the government undertook a particular course of action at least in part because of, not merely, in spite of its adverse effects upon an identifiable group." *United States v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997) (internal quotation marks omitted, brackets in original).

Although in his motion, Silva submits additional instances of ICE investigations that resulted in administrative, rather than criminal proceedings, even if he could establish the first prong of his selective prosecution claim, there is no evidence in the record to suggest that the Government acted with a discriminatory purpose. Accordingly, Silva's motion to dismiss for selective prosecution is DENIED.

**B.    The Motion to Dismiss Pursuant to the Court's Supervisory Powers is Denied.**

"The Supreme Court has recognized only three legitimate bases for the exercise of the supervisory power: to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations; and to deter future illegal conduct." *United States v. Simpson*, 928 F.2d 1088, 1090 (9th Cir. 1991).

Apart from his argument on selective prosecution, Silva does not argue that the Court should dismiss this case based on a violation of a recognized statutory or constitutional right or

that the Government has engaged in any illegal conduct that must be deterred.  Further, although Silva argues that the Government will not be able to prove its case, his arguments do not persuade the Court that a dismissal is warranted to preserve judicial integrity.  Accordingly, the Court DENIES Silva's motion to dismiss pursuant to its supervisory powers.

## CONCLUSION

For the foregoing reasons, the Court DENIES Silva's Motion to Dismiss the Indictment for Selective Prosecution or Pursuant to the Court's Supervisory Powers.

**IT IS SO ORDERED.**

Dated: August 12, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE