IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GLENIO SILVA,<br><br>    Defendant.<br>_____/ | No. CR 07-00678 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL AND DENYING SEVERANCE AS TO COUNT 6** |

**BACKGROUND**

On June 15, 2007, the United States charged the Defendant with one count of Alien Harboring in violation of 18 U.S.C. § 1324(a)(1)(A)(iii) by way of a criminal complaint. On October 25, 2007, the United States obtained an indictment, in which it charged the Defendant with one count of Alien Harboring, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii). On January 29, 2009, the United States obtained a Superseding Indictment, in which it charged the Defendant with two counts of Alien Harboring for the purpose of commercial advantage and private financial gain, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii).

In response to a motion to dismiss the Superseding Indictment on multiple grounds, on February 12, 2009, just over a month before the trial date in this action, the United States obtained a Second Superseding Indictment, in which it charged the Defendant with five counts of Alien Harboring for the purpose of commercial advantage and private financial gain, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii) (the "alien harboring charges"). The United States also added a new charge, one count of Continuing Employment of Unauthorized Alien as part

of a pattern and practice in violation of 18 U.S.C. § 1324a(a)(2) and § 1324a(f)(1) ("the pattern and practice charge").

On February 19, 2009, the Defendant filed a motion to continue the trial date, based in part on the need to investigate the pattern and practice charge. Defendant has also represented that he requires additional time to research and prepare a motion to dismiss this charge. The Government does not dispute Defendant's right to challenge the pattern and practice charge by way of a motion to dismiss.

On February 23, 2009, the Court held the Final Pretrial Conference. The Court conducted an *ex parte* hearing with the Defendant to address the motion to continue the trial. Based upon the representations made during that hearing, the Court determined that Defendant would be prejudiced if he was required to go to trial on the new charge on the current trial date. The Court, however, requested briefing from the parties on the appropriate remedy: severance of the count or a continuance of the trial.

The Court has received the parties' briefs on the issue, and the matter is now ripe for decision. For the following reasons, the Court HEREBY ORDERS that the Defendant's motion for a continuance is GRANTED, and the Court shall not sever Count 6 from the remaining counts.

**ANALYSIS**

Federal Rule of Criminal Procedure 14(a) provides, in pertinent part, that "[i]f the joinder of offenses ... in an indictment ... appears to prejudice a defendant or the government, the Court may order separate trials of counts, ... or provide any other relief that justice requires."[1] A "district court has wide discretion in ruling on a severance or bifurcation motion[.]" *United States v. Matus-Leva*, 311 F.3d 1214, 1217 (9th Cir. 2002); *see also United States v. O'Neal*, 834 F.2d 862, 866 (9th Cir. 1987). It also appears that the Court would have

---

[1] Defendant has not suggested that the alien harboring charges and the pattern and practice charges are improperly joined under Federal Rule of Criminal Procedure 8(a), which provides that "the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Based on the record before the Court, the Court concludes that joinder is proper.

2

the authority to order severance based upon its inherent authority to effectively manage its docket. *See, e.g., United States v. Mancuso*, 130 F.R.D. 128, 130-31 (D. Nev. 1990) (citing cases).

Although Defendant does not withdraw his motion to continue a trial on the pattern and practice charge, Defendant urges the Court to exercise its discretion and sever that charge from the alien harboring charges. The United States argues that severance would be inappropriate because it would result in "two trials with nearly identical evidence and witnesses," which would undermine the interests in judicial economy and efficiency. The United States instead urges the Court to grant the Defendant's motion to continue the trial on all counts, if it determines that a continuance on the pattern and practice charge is necessary. (United States Brief at 2:3, 2:7-10.)

Under Ninth Circuit authority, a denial of severance is proper unless "joinder [is] so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way." *O'Neal*, 834 F.2d at 866; *see also United States v. Hutchison*, 22 F.3d 846, 853 (9th Cir. 1993) (noting that "joinder is the rule rather than the exception," and that "[a] denial of severance will be upheld absent a showing that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever") (internal quotations and citations omitted), *abrogated on other grounds, United States v. Wells*, 519 U.S. 482 (1997).

In this case, the Defendant's need for a severance or a continuance on the pattern and practice charge is not based solely on the need to further investigate that charge. As noted, Defendant has indicated that he requires time to evaluate and prepare a motion to dismiss the charge. The Court agrees that additional time is necessary for the Defendant to effectively defend against this charge, and the United States has recognized the Defendant's right to move to dismiss the new charge. In turn, the Defendant has not challenged the United States' assertion that the evidence and the witnesses on the new charge will overlap. Although the pattern and practice is a misdemeanor charge, whether that charge is tried to a jury or the Court,

the United States, if the Court severs that count and continues the matter, it is entirely possible that the parties and the Court will have to undergo the time and expense of preparing for a second trial. Therefore, the Court concludes that the interests of judicial economy counsel against severance. However, the interests of justice require a continuance so that the Defendant can effectively defend against the pattern and practice charges.

## CONCLUSION

For the foregoing reasons, the Court shall not sever the pattern and practice charge from the alien harboring charges. The Court GRANTS Defendant's motion to continue and shall continue the trial in this matter from March 16, 2009, until June 1, 2009. Defendant's motion to dismiss the pattern and practice charge shall be filed by no later than March 26, 2009. The United States' opposition shall be due on April 2, 2009. Defendant's reply shall be due on April 9, 2009. There shall be no hearing unless otherwise ordered by the Court.

It is FURTHER ORDERED that the parties shall appear on March 16, 2009 at 2:00 p.m. to discuss setting a further pretrial conference. The Court advises the parties that it intends to address the outstanding matters, either by order or orally at the hearing on March 16, 2009, so that this case is trial ready in June. Therefore, this Order does not vacate any deadlines set by the Court at the February 23, 2009, pretrial conference.

**IT IS SO ORDERED.**

Dated: March 2, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4