**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 07-00678 JSW |
| v. | **ORDER RE MATERIAL WITNESS DEPOSITION AND RESOLVING OBJECTIONS TO DEPOSITION DESIGNATIONS** |
| GLENIO SILVA, | |
| Defendant. | |

This matter comes before the Court upon consideration of Defendants' motion to dismiss charges pertaining to Wander Carlos De Araujo ("De Araujo") or to exclude his material witness deposition. The Court has considered the parties' papers, relevant legal authority, and has had the benefit both of oral argument and a factual proffer from the Defendant. For the reasons set forth in the remainder of this Order, the Court DENIES Defendant's requests.

On June 15, 2007, the United States charged the Defendant with one count of Alien Harboring in violation of 18 U.S.C. § 1324(a)(1)(A)(iii) by way of a criminal complaint. On October 25, 2007, the United States obtained an indictment, in which it charged the Defendant with one count of Alien Harboring, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii). On January 29, 2009, the United States obtained a Superseding Indictment, in which it charged the Defendant with two counts of Alien Harboring for the purpose of commercial advantage and private financial gain, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii).

On February 8, 2009, Defendant filed a motion to dismiss the Superseding Indictment on the basis that count one was duplicitous, that count two was multiplicitous, and on the basis that the Government violated his Sixth Amendment right to confront witnesses against him. The first two issues have been rendered moot. Although the Government obtained a Second Superseding Indictment, the third issue remains outstanding.

Both the Superseding Indictment and the Second Superseding Indictment charged Defendant with harboring De Araujo for financial gain. The Government had identified De Araujo as a material witness and the parties deposed him. However, De Araujo was deported before the Government added the financial gain element and a pattern and practice charge to the existing charges and, thus, Defendant did not have the opportunity to depose De Araujo on those issues.[1]

In order to demonstrate a violation of the Compulsory Process Clause of the Sixth Amendment, Defendant must show that De Araujo could have provided evidence that would be "both material and favorable to the defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982). Based on the Defendant's proffer at the pretrial conference held on February 23, 2009, the Court concludes that Defendant has not met this burden. Thus, the Court denies the request to dismiss the relevant counts of the Second Superseding Indictment. The Court also concludes that Defendant would not be prejudiced by admission of the deposition testimony, and accordingly denies that request.

Having determined that the Court shall admit the deposition, the Court provides the parties with its rulings on the objections to the designated portions of the deposition:

| Page(s):Line(s) | Ruling |
| --- | --- |
| 10:4-9 | Overruled |
| 10:24-11:8 | Overruled |
| 18:18-25 | Overruled |
| 19:1-8 | Overruled |

---

[1] The Government concedes that the charge on which De Araujo was deposed, alien harboring, is a lesser included offense of alien harboring for financial gain. (Gov. Opp. at 8-17.)

2

| | |
|---|---|
| 23:21-24:2 | Sustained |
| 28:21-29:11 | Sustained |
| 29:12-30:5 | Overruled 29:12-19 |
| | Sustained 29:20-25 |
| | Overruled 30:1-5 |
| 30:6-11 | Sustained |
| 31:3-14 | Overruled |
| 33:9-20 | Overruled |

**IT IS SO ORDERED.**

Dated: March 9, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE